Cerceo *v.* DeMarco, Appellant.

Argued November 11, 1957. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*William S. Stein,* with him *Martin G. Stein,* for appellant.

*Rudolph J. DiMassa,* for appellee.

OPINION BY MR. JUSTICE COHEN, January 6, 1958:

In July of 1949 Victor Mancini, now deceased, entered into a partnership agreement with Silvio De-

Marco for the operation of a pharmacy under the name of the Ivy Hill Drug Store. The agreement provided for the continuation of the partnership for a term of five years and for a renewal term of five years should the partners mutually agree in writing to such extension. Although no agreement extending the original five year term was executed by the parties, Mancini and DeMarco continued to operate the pharmacy as if the agreement had been extended. It was on this theory that this case was argued before the court below and before us.

The agreement contains the following paragraphs which are pertinent to this litigation: "16. Partners agree that they will each take out insurance upon their respective lives in such amount and with such companies as said partners shall mutually determine. The premiums to carry said insurance shall be paid for by the partnership out of the net income arising from the said partnership, and the said premiums shall be a liability of the said partnership. The proceeds of the said policies of insurance, in the event of the death of either of the partners, shall be paid to such beneficiary or beneficiaries as the said deceased partner shall designate.

"17. It is hereby expressly agreed by and between said partners that as consideration for the payment by the partnership of the premiums upon the said policies of life insurance so taken out as aforesaid, upon the death of either partner during the continuance of the partnership, the entire partnership business, including all cash, notes, stock, merchandise, fixtures, equipment and all assets of every kind and character belonging to the partnership shall go to and become the absolute property of the survivor without any liability on the part of the said survivor to account therefor to any heirs, devisees, donees, legatees, bene-

ficiaries, relatives, spouses or children of said deceased partner, anything in any will or other writing in the nature of a last will and testament to the contrary notwithstanding.

"18. Partners hereby expressly reaffirm and agree that upon the death of one of the partners during the continuance of the partnership, the entire partnership business shall go to and become the absolute property of the survivor, free and clear of any claims of any person or persons whatsoever save and excepting any partnership creditors, the surviving partner hereby agreeing that all partnership claims and demands subsisting at the time of the death of one of the partners shall be assumed by and paid for by the surviving partner."

No insurance was ever taken out by the partners on each others lives as provided in the agreement. Mancini died in 1956, and DeMarco continued the operation of the pharmacy by himself. The executrix of Marcini's estate, Romana Cerceo, demanded an accounting from DeMarco for the decedent's interest in the partnership. Upon DeMarco's refusal, the executrix brought suit. DeMarco contended that by reason of paragraph eighteen of the agreement, the entire business became his property free from any duty to account to the Mancini estate. The lower court construed the partnership agreement as providing that the surviving partner was to acquire the partnership business only in the event that insurance was taken out in conformity with the agreement. Since no insurance was purchased the court held that the defendant had a legal duty under the Uniform Partnership Act[1] to account to the executrix of the estate of the deceased partner. From the

---

[1] Act of March 26, 1915, P. L. 18, 59 P.S. §§104-105.

accounting decreed by the court below the defendant has appealed.

The agreement which is the subject of this controversy is not ambiguous and its construction is for the court as a matter of law. *Filler Products, Inc. v. Corriere*, 381 Pa. 394, 113 A. 2d 219 (1955).

The payment by the partnership of the life insurance policy premiums is stipulated as the consideration for the acquisition by the surviving partner of the partnership business. Since there has been a failure of consideration, the defendant cannot obtain the partnership business under those provisions. However, the defendant asserts his claim under paragraph eighteen alone of the agreement which contains an unconditional statement that upon the death of one partner the partnership assets become the absolute property of the survivor.

This claim is not well-founded. The insurance arrangement was designed to provide a method whereby the surviving partner and the heirs of the deceased partner would be protected in the event of a death. The first partner to die would have provided benefits for such persons as he might wish by naming them beneficiaries of the insurance proceeds. The survivor would receive the assets of the partnership as the sole owner thereof. Having thoughtfully provided for mutual financial protection against the hazards of death it should not be assumed that in the event no insurance were purchased the partners intended to gamble on who would die first.

The effect of paragraph eighteen is to "reaffirm" the provisions of the preceding two paragraphs; it does not purport to provide new and additional terms but rather clarifies the preceding provisions. This precautionary paragraph makes clear to the partners and other interested parties that in the event of the death

of an *insured* partner the surviving partner would receive the assets of the partnership conditioned with the obligation to pay all the debts of the partnership therefrom.

Paragraphs sixteen and seventeen would be rendered meaningless if appellant's contention were accepted, because whether or not insurance was taken out by the partnership, the business would pass absolutely to the surviving partner. "It is a rule of universal application that in construing a contract each and every part of it must be taken into consideration and given effect if possible, and that the intention of the parties must be ascertained from the entire instrument. An interpretation will not be given to one part of a contract which will annul another part of it . . . ." *Neal D. Ivey Co. v. Franklin Associates, Inc.*, 370 Pa. 225, 231-232, 87 A. 2d 236 (1952) ; 1 Restatement, Contracts §235 (c) (1932).

We conclude that under the terms of the agreement, the failure to take out insurance as required in paragraph sixteen thereof rendered paragraphs seventeen and eighteen inoperative, and the defendant has a duty to account.

Decree affirmed at Appellant's cost.