**WM. A. SMITH CONTRACTING CO., INC., Plaintiff-Appellee,**

v.

**The TRAVELERS INDEMNITY COMPANY, Defendant,**

and

**The Delaware River Port Authority, Defendant-Appellant.**

**No. 72–1141.**

United States Court of Appeals, Tenth Circuit.

Oct. 10, 1972.

George E. Erickson, Jr., Tulsa, Okl. (Cosgrove, Webb & Oman, Topeka, Kan., on the brief), for plaintiff-appellee.

Payne H. Ratner, Jr., Wichita, Kan. (Thomas F. Connery, Jr., Camden, N. J., on the brief), for defendant-appellant The Delaware River Port Authority.

No appearance for defendant The Travelers Indemnity Co.

Before BREITENSTEIN, Mc-WILLIAMS and BARRETT, Circuit Judges.

BREITENSTEIN, Circuit Judge.

This diversity action concerns the right to an undisputed sum due from defendant Travelers Indemnity Company and paid into court by it. The court gave summary judgment for plaintiff-appellee Wm. A. Smith Contracting Co. and defendant-appellant Delaware River Port Authority has appealed.

Smith brought the suit in the District of Kansas. Both insurer and DRPA entered general appearances. No jurisdictional question is raised. DRPA moved for transfer of the cause to either the Eastern District of Pennsylvania or the District of New Jersey, and the court denied the motion. Resolution of the merits depends on an agreement which was executed by Smith and DRPA and which contains mutual releases.

DRPA is an entity created by joint action of the states of Pennsylvania and New Jersey. Smith and DRPA entered into two contracts, identified as Nos. 21A and 8AB, for the performance by Smith of work on the Benjamin Franklin Bridge connecting Philadelphia, Pennsylvania, with Camden, New Jersey. As required by contract 21A Smith secured an insurance policy from defendant Travelers Indemnity Company and furnished to DRPA a certificate of insurance. Employees of Smith caused a fire which damaged the bridge. Policy coverage is admitted and the sum due is agreed to be $33,500. Disputes arose between Smith and DRPA over the amount due under the contracts, and a settlement agreement was made by them. The insurer refused to pay either Smith or DRPA. Smith then brought this suit in Kansas. DRPA answered that the money was due to it. The insurer by way of a counterclaim against Smith and a cross-claim against DRPA deposited $33,500 into the registry of the Kansas court and asked it to determine whether Smith or DRPA was entitled thereto.

The transfer motion of DRPA is under 28 U.S.C. § 1404(a) on the basis of

convenience of parties and witnesses. Plaintiff has its principal place of business in Kansas. DRPA is the joint creature of Pennsylvania and New Jersey. The fire occurred on a bridge connecting those states. The settlement agreement between Smith and DRPA was executed in Pennsylvania. DRPA says that its two principal witnesses will be residents of one or the other of those states. In opposing the motion, Smith named two witnesses, one of whom was in Kansas and the other in Colorado or California.

The movant under § 1404(a) has the burden of establishing that the suit should be transferred. Unless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed. The transfer is within the discretion of the trial court and its action will be disturbed on appeal only when there has been an abuse of discretion. Houston Fearless Corp. v. Teter, 10 Cir., 318 F.2d 822, 827–828, and Texas Gulf Sulphur Co. v. Ritter, 10 Cir., 371 F.2d 145, 147. The trial court weighed the factors bearing on transfer, see e. g. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508–509, 67 S.Ct. 839, 91 L.Ed. 1055, a forum non conveniens case, and held that DRPA had not sustained the burden of establishing that a transfer should be ordered. In so holding the trial court did not abuse its discretion and its action must stand.

We turn to the merits. The complaint alleges that both Smith and DRPA were named insured under the policy; that Smith employees were engaged in "cutting torch" operations when the fire occurred; that Smith, insurer, and DRPA have admitted in writing the fact of coverage and the amount of the insurer's obligation to pay; and that such sum has not been paid.

Disputes arose between Smith and DRPA over the performance of the contracts and the amounts due thereunder. The complaint says that before the disputes were resolved, DRPA withheld from Smith payments, "including sufficient money withheld as security for said damage claim of $33,500.00." Later an "agreement, accord and satisfaction" was made between Smith and DRPA whereunder DRPA paid Smith $500,000. The agreement contained mutual releases. An affidavit of the chief executive officer of Smith submitted in opposition to the transfer motion included the statement that "one of the claims [in dispute] was a claim by the Delaware River Port Authority against the company [Smith] for damages to the Bridge arising from a fire described in the company's complaint."

In opposition to Smith's summary judgment motion, DRPA submitted the affidavit of Johnson, Director of its Construction Division. He said that the insurer agreed to pay DRPA $33,500 for the damage claim "in exchange for a full release of Contractor by Authority for the subject damage." The release was not given. Johnson further said that "it was not considered as appropriate" to release any contract retainage until the contractor's claims had been evaluated and until DRPA had determined whether its liquidated damage claim against Smith should be prosecuted; that the objective of the meetings which preceded the settlement were the resolution "of all open claim issues relating to Contract No. 8AB and Contract No. 21A"; that while the settlement agreement was being typed Smith indicated an intent to seek payment of the $33,500 from the insurer; that DRPA then took the position that "the whole deal is off"; that Smith then stated it would not attempt to block the payment by the insurer to DRPA; and that thereafter the agreement was executed.

The settlement agreement recites that the parties "wish to amicably resolve all meritorious claims on Contract No. 8AB and Contract No. 21A in a fair and equitable manner." In consideration of the payment of $500,000 by DRPA Smith released DRPA from all claims. In consideration of the Smith release, DRPA released Smith "from all claims, demands, and liabilities of whatsoever nature for anything done, furnished, or

omitted, or in any manner growing out of or pertaining to Contract No. 8AB and Contract No. 21A."

 The agreement was made in Pennsylvania. The parties agree that the construction and effect thereof are governed by Pennsylvania law. See Hefferlin v. Sinsinderfer, 2 Kan. 395, 399, and Sauder v. Dittmar, 10 Cir., 118 F.2d 524, 528. The question is whether a genuine issue of material fact precluded summary judgment. DRPA argues that such issue arises because of its showing by affidavit that the agreement was not intended to cover the fire claim. Pennsylvania has held that a release covers only those matters which may be fairly said to have been contemplated by the parties when the release is given, Restifo v. McDonald, 426 Pa. 5, 230 A.2d 199, 201, and that a release does not cover a claim unknown at the time of execution, Cady v. Mitchell, 208 Pa.Super. 16, 220 A.2d 373, 374–375.

In the instant case, the fire claim was known. DRPA says that it was not in the contemplation of the parties because of the contemporaneous oral agreement that DRPA was to get the $33,500 from Travelers. The effect of a contemporaneous oral agreement upon a written agreement was considered in O'Brien v. O'Brien, 362 Pa. 66, 66 A.2d 309, 311. The court said that absent fraud, accident, or mistake "the writing constitutes the agreement between the parties, and its terms cannot be added to nor subtracted from by parol evidence."

We believe that the rule applies here. The settlement agreement, prepared by DRPA attorneys, recites that its purpose is to resolve all meritorious claims and provides that DRPA releases all claims "in any manner growing out of or pertaining to the contracts." There is no allegation of overreaching, fraud, accident, or mistake. DRPA knew what it was doing because the fire claim came up while the settlement agreement was being typed. The DRPA attorneys could have inserted a few words excluding the fire claim. They

did not do so. We believe that under Pennsylvania law parol evidence of a contemporaneous oral agreement could not be received in evidence and was entitled to no consideration in connection with the summary judgment motion.

The settlement agreement is not ambiguous. Its construction is for the court as a matter of law. Cerceo v. DeMarco, 391 Pa. 157, 137 A.2d 296, 298. It uses common words which have a definite meaning. Cf. United States v. Kansas Gas & Electric Co., 10 Cir., 287 F.2d 601, 604. The meaning of the contract can be drawn from within its four corners. Summary judgment was proper.

Affirmed.