## Funk Estate

*William M. Hill, Jr.,* for estate of insured.

*Mark M. Ristau,* for surviving children.

*Joseph A. Massa, Jr.,* for widow.

WOLFE, *P.J.,* March 9, 1976—For determination is the petition of Warren National Bank and Warren Concrete Products, Inc., seeking a declaratory adjudication of the interpretation of a beneficiary document executed by decedent, Lewis A. Funk.

## ISSUE

By stipulation filed by all parties, what is the percentage of distribution to decedent's surviving wife and children?

## FINDINGS OF FACT

1. On June 6, 1973, decedent, Lewis A. Funk, executed a nomination of beneficiary pension plan of insurance carried by his employer, Concrete Products, Inc.

2. Decedent left seven children by three marriages, all of whom are sui juris except the three children who resided with him and his third wife, Velma Funk.

3. All the children were living at the time of decedent's demise.

4. Decedent died on September 20, 1975, and as a result of his employment with Warren Concrete Products, Inc., the designated beneficiaries of the pension plan are entitled to the proceeds thereof of $10,108.06

5. That the beneficiaries, through counsel, have stipulated the limited issue before the court is to determine if disposition of the funds shall be: (1) one-half to the surviving spouse and one-half equally to the seven children; or (2) surviving spouse and seven children an equal one-eighth.

6. That counsel has agreed no testimony is required, the court to resolve the disposition on the basis of the stipulation as applied to the nomination of beneficiary document.

## CONCLUSIONS OF LAW AND DISCUSSION THEREON

It is now settled that the court may entertain a petition for declaratory judgment under the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, sections 1-16, as amended, 12 P.S. §831-846, and its supplementary provisions, Act of May 22, 1935, P. L. 228, secs. 1-7, as amended, 12 P.S. §847-853, notwithstanding there exists another remedy but, rather, the availability of another remedy is only one factor to be weighed by the court in its discretionary determination of whether a declaratory judgment will lie. Wilshire v. Penn Overall Supply Company, 227 Pa. Superior Ct. 30, 323 A.2d 239 (1974).

Under section 6 of the Uniform Declaratory Judgments Act, supra, 12 P.S. §836, relief may be

granted where an actual controversy exists between contending parties, or where the court is satisfied "that antagonistic claims are presented between the parties involved which indicate eminent and inevitable litigation . . ."

In the instant case, there is no doubt another remedy is available. However, we see no reason to put the parties to the time and expense of litigation, especially where they have agreed to submit the narrow issue to the court without the benefit of testimony, and we, therefore, will entertain the petition.

The document provides:

### "NOMINATION OF BENEFICIARY

"Lewis A. Funk

"In the event of your death, before retirement, your beneficiaries will receive a Death Benefit from the Plan.

"1. Who is the first Beneficiary to receive the proceeds in the event of your death? (You may choose Anyone you wish and more than one if desired)

"Velma Funk Wife 39
Surviving Children Equal Sh. Children

"2. Select One of the following choices as your Second Beneficiary if your First Selection is Not Living at the time of your death.

"( ) To the surviving children of my spouse named above and myself.

"(x) To my surviving children in equal shares.

"( ) To my estate.

"( ) To the others listed below (Fill in only If You do not choose one of the above).

"IMPORTANT NOTE. Benefits will be Payable in equal shares if more than One Primary or Contingent Beneficiary is listed above. If special instructions are desired, use the space provided below:

"This Nomination of Beneficiary and Direction Supersedes any prior direction, and I hereby reserve the right at any time to Revoke or Modify this direction.

"EXECUTED AT Warren, Pa. on June 6, 1973 "WITNESS    S/Thomas    ——————————— S/Lewis A. Funk".

Reading the nomination from its four corners, paragraph 1 permits the selection of more than one primary beneficiary and this option was exercised by decedent by inserting therein his wife and "surviving children, equal sh." (shares).

Paragraph 2 is a provision for a contingent beneficiary if the first selection is not living at the time of decedent's demise. Decedent contemplated this might be an eventuality because of his designation that, in this event, his surviving children were to share equally.

The nota bene admonishes benefits will be payable in equal shares if more than one primary or contingent beneficiary is listed.

Decedent listed all of the potential beneficiaries under paragraph 1, thus, in our opinion, giving equal weight to all of them, exercising his right to choose more than one.

Paragraph 2 of the nomination would not become effective unless the first selection were not living at the time of his death; however, since all are living we are confined to paragraph 1 and its fair interpretation. The nota bene provides the benefits will be payable in equal shares if *more*

*than one primary or contingent beneficiary is listed* (emphasis supplied); thus, we think, there is no other reasonable application of the nota bene than all of the primary beneficiaries share equally despite what may appear to be a contradiction by decedent indicating "equal sh" in relation to his children. The surviving spouse argues there are two groups of beneficiaries, to wit, the wife and children and decedent indicated children to share equally and concludes each group shall share one-half and, therefore, the surviving spouse should receive one-half of the fund and the children to share equally in one-half of the fund. We do not find any direct or indirect language that we could reasonably infer such a division was in the mind of decedent. Group one clearly provides more than one beneficiary could be selected and decedent elected to place all of the beneficiaries in that group primarily. We could speculate decedent had in mind a division as his widow argues; however, in construing this writing, it is basic it must be read as a whole and all of it given consideration: Creceo v. De Marco, 391 Pa. 157, 137 A.2d 296 (1958). As held in Minnotte Appeal, 411 Pa. 492, 496, 192 A.2d 394 (1963):

"Stated another way, the intention of parties to a written instrument is to be garnered from a reading of the entire writing and not from detached portions, it being necessary to consider every part thereof in order to resolve the meaning of a particular part as well as that of the whole: Mowry vs McWherter, 365 Pa. 232, 74 A.2d 154 (1950), and Creceo vs De Marco, supra. Moreover, specific provisions ordinarily will be regarded as qualifying the meaning of broad general terms in relation to a particular subject: [Citations omitted]."

Decedent indicated all primary beneficiaries were to share equally which is in harmony with the nota bene. We conclude this carries more weight for disposition than a surmise that the surviving spouse is to receive one-half. If decedent desired otherwise, it would have been a simple matter to so indicate.

For these reasons, we enter the following

## CONCLUSIONS OF LAW

1. That Velma Funk, as surviving spouse, and the seven surviving children of decedent share equally, one-eighth each as beneficiaries and recipients of the death benefit plan with Warren Concrete Products, Inc.

2. By reason of the foregoing findings of fact and conclusions of law, we enter the following decree.

## DECREE NISI

And now, March 9, 1976, petitioner, Warren National Bank, trustee under the pension plan of Warren Concrete Products, Inc., is directed and authorized to make an equal one-eighth share distribution unto Velma Funk and the seven surviving children.

The parties are granted 20 days to take exceptions to the within decree and, in default thereof, upon praecipe, shall be entered absolute.