### CENTAUR INSURANCE COMPANY, Plaintiff,

v.

### MISSION INSURANCE GROUP, INC., Pacific Reinsurance Management Corporation, Sayre & Toso, Inc., Mission Re Management Corporation and Mission Insurance Company, Defendants.

### No. 85 C 7683.

United States District Court, N.D. Illinois, E.D.

Nov. 14, 1985.

C. Joseph Yast, Lord, Bissell & Brook, Chicago, Ill., for plaintiff.

Lionel G. Gross, Kenneth R. Gaines, Altheimer & Gray, Chicago, Ill., for defendants.

## MEMORANDUM ORDER

BUA, District Judge.

Before this Court is defendants' combined motions to stay this action pending arbitration, to dismiss certain defendants, and to change venue. Plaintiff Centaur Insurance Company ("Centaur") seeks a declaration of the various parties' rights and liabilities pursuant to a series of insurance contracts. Jurisdiction is based on 28 U.S.C. § 1332. For the reasons stated herein, this Court grants Centaur's motion to change venue. Further, this Court transfers the action to the United States District Court for the Central District of California. Because of the transfer, this Court declines to consider defendants' motions to stay and to dismiss.

## FACTS

Centaur, an Illinois corporation, reinsures risks undertaken by other insurance companies. Over the last few years, Centaur entered into a number of reinsurance agreements with various defendants to indemnify those defendants. Most of the agreements contained arbitration provisions that selected Los Angeles, California as the sole cite for arbitration. All five defendants have their principal places of business located in Los Angeles, California.

The defendants have incurred substantial losses and have called upon Centaur to honor its reinsurance obligations under the agreements. Defendants demand that Centaur pay over $9,000,000. Centaur contends its obligation to the defendants is substantially less than $9,000,000. On July 26, 1985, Centaur filed suit in the Circuit Court of Cook County, Illinois, seeking a declaration of the various parties' rights

and liabilities. Defendants removed the action to this Court. On August 22, 1985 the defendants filed suit in the United States District Court for the Northern District of California seeking to compel arbitration over this issue.

### DISCUSSION

The appropriate starting point for a motion to change venue is the statute itself. 28 U.S.C. § 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought originally.

This provision is designed to eliminate wasted time, energy, and money. In addition, it protects litigants, witnesses, and the public against inconvenience and expense. *Continental Grain Co. v. Barge FBL–585*, 364 U.S. 19, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960). The issue before this Court is whether Centaur's action should be transferred to the Central District of California.

■■■ Centaur's desire to bring this action in the Northern District of Illinois is entitled to substantial weight under § 1404(a). *Ronco, Inc. v. Plastics, Inc.*, 539 F.Supp. 391, 401 (N.D.Ill.1982). The decision to transfer, however, lies within the sound discretion of the trial judge. *Wm. A. Smith Contracting Co. v. Travelers Indemnity Co.*, 467 F.2d 662 (10th Cir. 1972). The moving party has the burden of proving that the suit should be transferred, and must establish that the balance weighs strongly in favor of the proposed transferee district. *Id.* at 664.

■■■ A 1404(a) motion to change venue requires a two-step analysis. First, this Court must determine whether the proposed transferee district is a district in which Centaur's claim could have been brought originally. An action may be brought in any district court that has proper venue, subject matter jurisdiction, and can issue effective service of process upon defendants.

28 U.S.C. § 1391(a) sets forth the districts where venue is proper. § 1391(a) states that when a plaintiff's action is founded solely on diversity of citizenship, proper venue lies in those judicial districts where all defendants or plaintiffs reside, or where the claim arose. Applied to the facts in this case, venue is proper in either the Northern District of Illinois (where plaintiff resides) or the Central District of California (where all defendants reside).

■■ In addition, the proposed transferee district is proper only if the Court has jurisdiction over the subject matter of this case and the defendants are amenable to service of process issued by the transferee court. *American Telephone & Telegraph Company v. Milgo Electronic Corporation*, 428 F.Supp. 50 (S.D.N.Y.1977). In this action, the California court's jurisdiction is founded on diversity of citizenship. Additionally, the defendants in the instant case are amenable to process in California since all defendants have their principal places of business located in Los Angeles, California. Consequently, this Court finds that Centaur's claim could have been brought originally in California since venue is proper in California, the California court has subject-matter jurisdiction, and the defendants are amenable to process in California.

The second step of the analysis is to determine whether the transfer is necessary for the "convenience of parties and witnesses, in the interest of justice." This Court finds that the convenience of the parties is better served by transferring this case to the Central District of California. As noted, all five defendants' principal places of business are located in Los Angeles, California. Additionally, Centaur's parent company is subject to jurisdiction in the California Courts. (Plaintiff's memo at 11). The various reinsurance agreements between Centaur and the defendants designate California law as the law that must be applied to this dispute. Moreover, the arbitration provisions in the reinsurance agreements select Los Angeles, California as the sole venue for arbitration. This Court be-

lieves that Centaur would not be unduly burdened by having to prosecute the case in California in light of Centaur's willingness to accept the inconvenience of arbitrating in California. Finally, six of the seven agreements involved in the instant case are presently the subject of a pending action in the Central District of California. This case must be transferred because the interests of justice disfavor the duplication of judicial effort and the possibility of inconsistent results.

Centaur argues that the case should not be transferred because the plaintiff's choice of forum is entitled to substantial weight under § 1404(a). This Court agrees that Centaur's choice commands substantial weight. However, the totality of all the factors clearly point to California as the more convenient forum and Illinois as an unduly burdensome forum. Accordingly, defendants' motion to change venue is granted.

## CONCLUSION

This Court grants defendants' motion for change of venue. In addition, this Court transfers this case to the United States District Court for the Central District of California.

IT IS SO ORDERED.