The JOHN BUCK COMPANY, an Illinois corporation, Plaintiff,

v.

ATLANTIC RICHFIELD COMPANY, a foreign corporation, Defendant.

No. 85 C 10450.

United States District Court, N.D. Illinois, E.D.

April 11, 1986.

**1528**

Harvey J. Barnett, Harvey J. Barnett & Associates, Ltd., Chicago, Ill., for plaintiff.

Barry S. Alberts, Michael L. Brody, Schiff, Hardin & Waite, Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

Before the Court is defendant's motion to change venue pursuant to 28 U.S.C. § 1404(a). Jurisdiction is based on 28 U.S.C. § 1332. For the reasons stated herein, defendant's motion is denied.

## FACTS

Plaintiff John Buck Company (JBC) is an Illinois corporation with its principal place of business in Chicago. Defendant Atlantic Richfield Company (ARCO) is a California corporation with its principal place of business in Los Angeles.

In the fall of 1984, ARCO decided to terminate a lease held on office space located in Rolling Meadows, Illinois. The lease provisions permitted termination only upon payment of a substantial penalty. To avoid this penalty, ARCO attempted to sublease the subject property or, in lieu of subleasing, negotiate a more favorable cancellation agreement with the lessor.

ARCO retained the services of JBC to locate a subtenant or obtain a more favorable termination agreement. A subtenant was never found, nor was a new termination agreement obtained. Ultimately, ARCO terminated its lease under the original cancellation provision.

JBC filed this action after ARCO refused JBC's request for compensation. JBC alleges that ARCO breached the brokerage agreement signed by the parties. JBC contends that the agreement provided for the payment of a commission to JBC if JBC found a subtenant or if ARCO exercised the then existing lease termination provision. ARCO counters that the terms of the brokerage agreement contemplated the payment of a commission only in the event the property was subleased or if ARCO negotiated a new cancellation agreement with the lessor.

JBC filed this action in the Northern District of Illinois. ARCO, however, believes proceeding in Illinois is inconvenient. ARCO seeks to transfer this case to the Central District of California, pursuant to the provisions of 28 U.S.C. § 1404(a).

## DISCUSSION

A motion to transfer venue is governed by 28 U.S.C. § 1404(a) which states:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

■ To meet the requirements of § 1404(a), the movant is required to prove that the proposed transferee district is a district in which JBC's claim could have been brought originally, and that the balance of interest weighs strongly in favor of the proposed transferee district. *Wm. A. Smith Contracting Co. v. Travelers Indemnity Co.*, 467 F.2d 662, 664 (10th Cir. 1972).

Defendant satisfies the first requirement. JBC's claim could have been brought in the Central District of California. Since jurisdiction is founded on diversity of citizenship, this action is properly brought in any judicial district where all plaintiffs or all defendants reside, or in which the claim arose. 28 U.S.C. § 1391(a). In the instant case, ARCO is the sole de-

fendant and it resides in the Central District of California.

■ Defendant fails to satisfy the second requirement. Defendant does not establish that the transfer is necessary for the "convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).

This Court will consider the § 1404(a) factors separately:

### a. Convenience of Parties

Illinois is the more convenient forum for the parties. Plaintiff is incorporated and has its principal place of business in Illinois. While defendant would enjoy proceeding with this action in California, this Court does not believe defendant would be unduly inconvenienced by litigating in Illinois. First, defendant voluntarily maintained an office and engaged in business in Illinois at the time this cause of action accrued. Plaintiff does no business in California. Second, the parties do not enjoy equal financial strength. This Court believes that defendant has a greater ability to proceed with this action in Illinois than plaintiff would in California. Therefore, California is not a more convenient forum for the parties.

### b. Convenience of Witnesses

■ This Court must consider multiple factors when analyzing the convenience of witnesses. This Court must note the number of potential witnesses located in the transferor and transferee districts. The expense of transportation and the length of time the witnesses will be absent from their jobs is important. In addition, the nature, quality, and indispensability of their testimony must be considered. Finally, this Court must give weight to whether witnesses can be compelled to testify. *Hotel Constructors, Inc. v. Seagrave Corp.*, 543 F.Supp. 1048, 1050 (N.D.Ill.1982).

Both parties have demonstrated that each has a large number of prospective witnesses who may testify at trial. Both parties also have the hardship of transporting to trial numerous documents pertinent to the brokerage agreement. This Court believes both parties will be inconvenienced

if this action is brought in the other party's resident district.

Defendant's primary argument in support of transferring to California is based on the quality and availability of its alleged "key witness." Defendant asserts that its key witness has had a heart attack and may be unwilling to travel from California to Illinois. Defendant believes its key witness' testimony is crucial because that person was primarily responsible for negotiating the disputed brokerage agreement with JBC. Defendant asserts that this case must be transferred to California since its key witness is not amenable to service in Illinois.

This Court believes that defendant's key witness is just one of several important witnesses to be called by both parties. Moreover, the testimony of defendant's key witness would be important, but not indispensable. Defendant does not maintain that the key witness was exclusively responsible for drafting the brokerage agreement with JBC. Even if this Court assumes the key witness would not be available, defendant could produce a competent substitute. This substitute and the key witness worked jointly while having the principal responsibility for arranging the termination of the lease in question. These two people jointly selected JBC to sublet or arrange more favorable contractual termination terms for the leased property. This Court appreciates defendant's desire to have its allegedly key witness present at trial. However, that desire becomes just one of many factors this Court reviews in making a determination of convenience. Taking all factors into consideration, including the location of other key witnesses, this Court holds that Illinois is the more convenient forum for the witnesses.

### c. Interest of Justice

The final factor to be addressed similarly supports denial of defendant's motion. The following factors reveal that Illinois is the more convenient forum. First, Illinois is the location of the office building that had been leased by ARCO, which is the underlying property in the disputed broker-

age agreement. Second, plaintiff chose Illinois as its forum. Finally, a trial date has already been set by the Court.

## CONCLUSION

The Northern District of Illinois has a much stronger connection to this case than does the district in California. Accordingly, defendant's motion to change venue is denied.

IT IS SO ORDERED.