767 A.2d 1047

**John CAPEK, Esquire, Appellant,**

v.

**Jennifer DEVITO, Appellee.**

Supreme Court of Pennsylvania.

Argued Oct. 17, 2000.

Decided March 21, 2001.

Paul Mark Perlstein, Robert J. Foster, Philadelphia, for John Capek.

Michael Yanoff, Lansdale, for Jennifer Devito.

270 

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NEWMAN AND SAYLOR, JJ.

## OPINION

CAPPY, Justice.

 The issue presented is whether the lower courts erred in awarding summary judgment to Appellee Jennifer Devito, thereby precluding Appellant, an attorney, from claiming a fee under a contingency fee agreement ("Agreement") that included the language "no recovery no fee", where the Agreement also provided for recovery of a fee under the doctrine of quantum meruit. For the reasons set forth herein, we reverse and remand for further proceedings.[1]

The facts of this case, set forth in the light most favorable to Appellant as the non-moving party, *Albright,* 696 A.2d at 1165, are as follows: in September 1988, Appellee was involved in a car accident in which she suffered serious injuries. Shortly thereafter, she entered into a contingency fee agreement with Appellant and initiated a personal injury action in the Court of Common Pleas of Montgomery County.

On January 24, 1992, Appellant attended a settlement conference and subsequently agreed to a settlement figure of $275,000. On August 28, 1992, Appellant requested that Appellee execute a release as part of the settlement of her case. Appellee refused to do so, asserting that she had not been consulted about a settlement offer, that she had not authorized any settlement of her case, and that she would not accept the amount of $275,000 in settlement.

1. Summary judgment may be granted only in those cases in which the record clearly shows that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *P.J.S. v. Penn. State Ethics Comm'n,* 555 Pa. 149, 723 A.2d 174, 176 (1999). Our standard of review on an appeal from the grant of a motion for summary judgment is well-settled. A reviewing court may disturb the order of the trial court only where there has been an abuse of discretion or an error of law. *Albright v. Abington Memorial Hospital,* 548 Pa. 268, 696 A.2d 1159, 1165 (1997). As this appeal presents a question of law, our scope of review is plenary. *Phillips v. A Best Products Co.,* 542 Pa. 124, 665 A.2d 1167, 1170 (1995).

Thereafter, the defendants in the underlying personal injury action filed a Petition to Confirm Settlement, naming Appellee as the only defendant. Two hearings were held before the Honorable Marjorie C. Lawrence, during which Appellant testified as a witness. On February 14, 1995, the court entered an order denying the Petition to Confirm Settlement.

Appellee subsequently terminated Appellant's services and obtained new counsel, with whom she ultimately secured a jury verdict in excess of four million dollars. On June 27, 1995, Appellant filed the instant action pursuant to the Agreement to recover a fee in the amount of $82,500, representing thirty percent of the settlement offer which he had negotiated. The Agreement provided in pertinent part:

> In consideration of the professional services, investigation and other services performed by my attorney in connection with my above-dated accident and injuries, my attorney shall receive One Third (⅓) [30%][2] of any sum recovered from any source on account of the said accident by way of settlement, judgment or otherwise, before deduction of costs, disbursements and expenses in the investigation and trial of the case.
>
> * * *
>
> Should this agreement be breached or otherwise terminated, my attorney shall be entitled to immediate reimbursement of costs, disbursements, and expenses and any payment of his fee according to the herein agreed percentage of whatever offer of settlement he may have negotiated to the date of breach or termination, or to payment of his fee based upon time actually expended at his prevailing rate, whichever is greater. Said charges shall constitute a lien upon the file which shall remain in the possession of my attorney until discharge of the lien in full.
>
> * * *
>
> SHOULD NO MONEY BE RECOVERED BY SUIT OR SETTLEMENT, MY SAID ATTORNEYS ARE TO HAVE

---

**2.** On the original agreement, the typewritten portion was crossed out and the portion contained in the brackets was handwritten.

NO CLAIM AGAINST ME FOR SERVICES REN-
DERED.

Agreement (R.R. 1).

The parties filed cross-motions for summary judgment.
The trial court determined that the plain language of the
Agreement provided that Appellant could not recover without
the existence of a settlement. The court noted that in the
proceedings regarding the Petition to Confirm Settlement,
another court of competent jurisdiction had already afforded
the parties a full and fair chance to litigate the existence of a
settlement. As that court had determined that no such settle-
ment existed, the trial court concluded that the doctrine of
collateral estoppel precluded a finding that there had been
one. Consequently, the trial court granted Appellee's motion
for summary judgment, denied Appellant's motion for sum-
mary judgment and dismissed Appellant's complaint with prej-
udice.

The Superior Court affirmed in an unpublished opinion.
The court found that although the Agreement contained a
liquidated damages provision (regarding payment of fees if the
Agreement was breached or terminated), the capitalized lan-
guage at the bottom of the Agreement (the "no recovery no
fee" provision) indicated that the parties contemplated pay-
ment of a fee to Appellant only in the event that Appellee
recovered some amount through Appellant's representation;
because Appellee did not recover any amount through Appel-
lant's representation, Appellant was not entitled to any fee.
The Superior Court further concluded that the liquidated
damages provision only entitled Appellant to recover his fee in
the event that he negotiated a settlement offer with his client's
consent, and that finding otherwise would allow recovery of a
fee for services that the client did not request or authorize.

Appellant argues that when the Agreement is read in its
entirety, the "no recovery no fee" provision bars his claim only
if he serves as Appellee's counsel through to an unsuccessful
conclusion of the claim, not if Appellee discharges him prior to
resolution of the case. He further asserts that the liquidated

damages provision is valid, and that he was required to include such a provision pursuant to Pa.R.P.C 1.5.[3]

■ Appellee counters that Appellant has not properly preserved the issue of quantum meruit; that the present claim is barred under the doctrine of collateral estoppel; that the Agreement is unconscionable and violates several Rules of Professional Conduct; that Appellant himself breached the Agreement by accepting a settlement without his client's authority to do so; and that the Agreement's plain language precludes any recovery because Appellant did not obtain any money by suit or settlement.

Initially, we will address Appellee's argument that Appellant is not entitled to recover on the basis of the equitable doctrine of quantum meruit, but only pursuant to the liquidated damages provision. Appellant contends that he was not required to plead a separate count requesting equitable relief as the Agreement included his right to quantum meruit pursuant to the specific contractual provision he sought to enforce. Despite the nuances of their arguments, the parties agree that Appellant's recovery depends upon the express terms of the contract, a claim which was raised in the complaint. Therefore, we will analyze this case according to those provisions.

■ "[W]hen a written contract is clear and unequivocal, its meaning must be determined by its contents alone." *Commonwealth of Penn., Dept. of Transp. v. Manor Mines, Inc.,*

3. This rule provides in pertinent part:
 (a) A lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee. . . .
 (b) When the lawyer has not regularly represented the client, the basis or rate of the fee shall be communicated to the client, in writing, before or within a reasonable time after commencing the representation.
 (c) A fee may be contingent on the outcome of the matter for which the service is rendered, except in a matter in which a contingent fee is prohibited by paragraph (d) or other law. A contingent fee agreement shall be in writing and shall state the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial or appeal, litigation and other expenses to be deducted from the recovery, and whether such expenses are to be deducted before or after the contingent fee is calculated. . . .

523 Pa. 112, 565 A.2d 428, 432 (1989) (citations omitted). In construing a contract, we must determine the intent of the parties and give effect to all of the provisions therein. *Id.* "An interpretation will not be given to one part of the contract which will annul another part of it." *Cerceo v. DeMarco,* 391 Pa. 157, 137 A.2d 296, 298 (1958) (citations omitted).

Applying these principles, it is evident from the Agreement that the parties intended to provide for payment to Appellant in the event of two possible outcomes: (1) when it is the case that Appellant is retained until resolution of the litigation, and (2) when the Agreement is terminated prior to resolution of the litigation. In the event that Appellant is retained until the claim's resolution, the "no recovery no fee" provision (in conjunction with the 30% contingency fee clause) establishes that Appellant will be paid 30% of any amount Appellee receives, only if there is recovery by suit or settlement; if there is no recovery, then Appellee pays no fee. In contrast, in the event that the Agreement is prematurely terminated, the liquidated damages clause establishes that Appellant will receive the greater of 30% of a negotiated settlement offer or a fee based upon his prevailing rate.

The Superior Court found that the "no recovery no fee" language indicated that the parties contemplated payment of a fee to Appellant only in the event that Appellee recovered some amount through Appellant's representation. This interpretation improperly nullified the preceding liquidated damages provision, which addressed the specific outcome that occurred in this case—a termination of Appellant's services. Instead, the Superior Court should have given effect to both clauses, as they address different outcomes of the attorney/client relationship. Thus, the Superior Court erred in determining that the "no recovery no fee" language in the Agreement bars Appellant's recovery.

■ We next address the issue of collateral estoppel, since the Superior Court implicitly relied on the trial court's determination that Appellant's claim was barred by this doctrine. Appellee, relying on the trial court's reasoning, asserts that

the denial of the Petition to Confirm Settlement conclusively established that there was no settlement, so Appellant is not entitled to any fee based upon the settlement offer of $275,000.

█ We disagree. Collateral estoppel applies when the issue decided in the prior adjudication was identical with the one presented in the later action; there was a final judgment on the merits; the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication; and the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in the prior adjudication. *Safeguard Mutual Ins. Co. v. Williams,* 463 Pa. 567, 345 A.2d 664, 668 (1975).

█ In this case, in the proceedings regarding the Petition to Confirm Settlement, the only parties of record were the defendants and Appellee. "A person who is not a party to the record, or in privity with such party, may be bound by the verdict and judgment in a suit only if such person for purposes and interests of his own openly and actively, with notice to the adverse party, assumes and manages the litigation." *Williams v. Lumbermen's Ins. Co. of Philadelphia,* 332 Pa. 1, 1 A.2d 658, 660 (1938) (citation omitted). Appellant appeared as a witness at the hearing; he was not a party nor in privity with a party in that case. Appellee does not demonstrate that Appellant had the opportunity to present his own defense, or that he controlled the litigation. "Merely to aid in the trial, either personally or through counsel, or to pay the attorney's fees, or to contribute toward the expenses of the litigation, is not enough to cause the person doing so to be bound by the judgment rendered." *Id.* (citations omitted).

Thus, we hold that the Superior Court erred in affirming the entry of summary judgment in favor of Appellee, as neither the "no recovery no fee" language of the Agreement nor the doctrine of collateral estoppel bars Appellant's recovery in this case. However, we decline Appellant's request to enter judgment in his favor and award relief in the amount of $82,500, as there remain issues in the parties' motions for

summary judgment which the lower courts did not resolve.[4] Accordingly, we reverse and remand for proceedings consistent with this opinion.

Justice NIGRO did not participate in the consideration or decision of this matter.

**4.** These issues relate to whether the Agreement was unconscionable, illegal and/or violates the Rules of Professional Conduct, and whether Appellant breached the Agreement by accepting a settlement without his client's authority to do so.