**ADVANCEPCS HEALTH L.P.,**
**Plaintiff—Appellant,**

v.

**PENNSYLVANIA EMPLOYEES**
**BENEFIT TRUST FUND,**
**Defendant—Appellee.**

No. 01–17478.

D.C. No. CV–01–01684–JWS.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 12, 2003.*

Decided Feb. 21, 2003.

Before SILVERMAN, GRABER, and GOULD, Circuit Judges.

MEMORANDUM**

AdvancePCS Health L.P. ("PCS") appeals the district court's dismissal of its diversity action for declaratory relief against Pennsylvania Employees Benefit Trust Fund ("PEBTF"). PCS also appeals the district court's order granting PEBTF's motion to compel arbitration. We affirm.

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The parties' agreement included an arbitration provision[1] and a severability provision.[2] PCS argues that the two clauses evince an intent of the parties to exclude from arbitration issues of contract interpretation and validity. We cannot agree.

■ According to the arbitration clause, any "claim arising out of any *alleged breach* of this Agreement" shall be submitted to arbitration. (Emphasis added.) The dispute raised in the declaratory judgment action unquestionably concerned the contractual relationship. Although the issue that PCS sought to litigate arguably could be characterized as one of "contract enforceability" or "interpretation," the existence or nonexistence of a breach is patently involved as well. As the district court noted, the determination whether a breach occurred necessarily required an interpretation of the contract. Whether PCS was responsible for liquidated penalties and whether those penalties could take the form of cash reimbursements of credits due under the agreement–which could not be so credited because the contract had ended–clearly implicated a controversy arising out of an alleged breach. If there had been no breach, no reimbursements would have been due either in cash or as ledger sheet credits. The issues whether (1) an overcharge occurred, (2) liquidated penalties were thereby incurred, and (3) PCS had to pay back PEBTF in cash for the alleged overcharges, do not arise if there is no alleged breach of the contract's financial guarantees. As the alleged overcharges identified by PEBTF's audit would, if proved, constitute breaches subject to liquidated penalties, the underlying dispute necessarily involved an alleged breach of a party's obligation under the contract and falls within the scope of the arbitration clause.

■ PCS's other argument, that the severability clause carved out an exception to the scope of the arbitration clause for issues of contract validity and enforcement, also is unpersuasive. Although PCS is correct that in Pennsylvania, in construing contracts generally, all parts of the contract should be interpreted together with the goal of giving effect to each of its provisions, *Capek v. Devito*, 564 Pa. 267, 767 A.2d 1047, 1050 (2001), the severability clause here does not evince any intent of the parties to carve out the exception that PCS advances. Rather, the inclusion of such a clause in a contract evinces the parties' intent that the contract is divisible, i.e., an intent to make their contract survive a finding that part of it is unenforceable. It does not, however, dictate who will make that determination.

PCS asserts that the severability clause mentions "a court of competent jurisdiction," so the parties must have intended that *only* a court could decide enforceability. However, the clause is not that narrow. It provides in the alternative that if any part of the contract is or becomes "illegal, null, void, or unenforceable *for*

1. The arbitration clause provided:

    Any controversy or claim arising out of any alleged breach of this Agreement by either or both parties shall be submitted for resolution to an arbitrator appointed in accordance with the Commercial Arbitration Rules of the American Arbitration Association.... Any such arbitration proceeding shall be held in Harrisburg, Pennsylvania. Arbitration as provided for herein shall be the sole and exclusive remedy for any controversy or claim arising out of an alleged breach of this Agreement....

2. The severability clause provided:

    If any clause, sentence, provision, or other portion of this Agreement is, or becomes, illegal, null, void, or unenforceable for any reason, or is held by a court of competent jurisdiction to be so, the remainder of this Agreement shall remain in full force and effect.

*any reason" or* is so held by a court, the remainder of the contract survives. (Emphasis added.) The first part of the clause could be read to suggest that someone other than a court could find unenforceability, i.e., an arbitrator or even the parties themselves. Accordingly, we find no basis to conclude that the severability clause created an exception to the scope of the arbitration clause.

AFFIRMED.