108 A.3d 30

Michael EGAN, Jr. and Jill Egan, H/W and Mark Buzby

v.

USI MID–ATLANTIC, INC. and USI Holdings Corporation and Bristol Township and Zurich American Ins. Company.

Michael Egan, Jr. and Jill Egan, H/W and Mark Buzby

v.

USI Mid–Atlantic, Inc. and Robert Brown and Freda Batipps and Linda Magovern and Douglas Schroer and Lisa Mckernan and USI Holdings Corporation and Suzanne Newsome

v.

Bristol Township

Petition of: USI Mid–Atlantic, Inc., USI Holdings Corporation, Robert Brown, Freda Batipps, and Linda Magovern

Michael Egan, Jr. and Jill Egan, H/W And Mark Buzby

v.

USI Mid–Atlantic, Inc. and USI Holdings Corporation and Bristol Township and Zurich American Ins. Company.

Michael Egan, Jr. and Jill Egan, H/W and Mark Buzby

v.

USI Mid–Atlantic, Inc. and Robert Brown and Freda Batipps and Linda Magovern and Douglas Schroer and Lisa Mckernan and USI Holdings Corporation and Suzanne Newsome

Bristol Township

Petition of: USI Mid–Atlantic, Inc., USI Holdings Corporation, Robert Brown and Freda Batipps and Linda Magovern

Michael Egan, Jr. and Jill Egan, H/W and Mark Buzby

v.

USI Mid–Atlantic, Inc. and USI Holdings Corporation and Bristol Township and Zurich American Ins. Company.

Michael Egan, Jr. and Jill Egan, H/W and Mark Buzby

v.

USI Mid–Atlantic, Inc. and Robert Brown and Freda Batipps

and Linda Magovern and Douglas Schroer and Lisa Mckernan and USI Holdings Corporation and Suzanne Newsome

v.

Bristol Township

Petition of: USI Mid–Atlantic, Inc., USI Holdings Corporation, Robert Brown and Freda Batipps and Linda Magovern.

Supreme Court of Pennsylvania.

Jan. 21, 2015.

## *ORDER*

PER CURIAM.

**AND NOW,** this 21st day of January, 2015, the Petition for Allowance of Appeal is **GRANTED.** The issues, as stated by Petitioners, are:

(1) When this Court held in *Everhart v. PMA Insurance Co.,* 595 Pa. 172, 938 A.2d 301 (2007), that a waiver is *not required* for a commercial insured to reject stacked uninsured and underinsured motorist (UM/UIM) coverage, did the Superior Court, as a matter of first impression, commit legal error *by requiring* a waiver for a commercial insured to reject non-stacked UM/UIM insurance when interpreting a nearly identical provision of the same statute (the Motor Vehicle Financial Responsibility Law)?

(2) Did Judge Panella correctly find in his dissent that the trial court's unquestionably erroneous jury instruction, that a signed waiver form is required for a commercial insured to reject *stacked* UM/UIM coverage, impermissibly disregarded *Everhart* and unfairly allowed the jury to base liability on conduct regarding a waiver form that was not required for rejection of stacked coverage?

 

(3) Did the Superior Court dilute the burden of proof for punitive damages contrary to hornbook law, by holding that a plaintiff need not demonstrate more than an intentional tort to submit the question of punitive damages to the jury?