J. A01013/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BENEFICIAL CONSUMER DISCOUNT COMPANY D/B/A BENEFICIAL MORTGAGE COMPANY OF PENNSYLVANIA | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : | |
| PAMELA A. VUKMAN, | : : | No. 355 WDA 2014 |
| Appellant | : | |

Appeal from the Order Entered February 19, 2014,
in the Court of Common Pleas of Allegheny County
Civil Division at No. GD-06-024554

BEFORE:  FORD ELLIOTT, P.J.E., DONOHUE AND ALLEN, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED APRIL 06, 2015**

Appellant, Pamela A. Vukman ("Vukman"), appeals from the order granting appellee, Beneficial Consumer Discount Company's ("Beneficial"), motion to confirm a sheriff's sale.  Finding no error in the issues raised on appeal, we affirm.

On September 14, 2001, Beneficial extended a loan to Vukman to purchase a house at 104 Dorf Drive in Pittsburgh, and the loan was secured by a mortgage.  In December of 2005, Vukman defaulted on the loan. Subsequently, Beneficial filed the requisite Act 6 and Act 91 pre-foreclosure

notices.[1]  The Act 91 notice was defective because it failed to inform Vukman of the option of a face-to-face meeting with Beneficial.  *See* 35 P.S. § 1680.403c(b)(1).  After failed negotiations between the parties, Beneficial filed a complaint in foreclosure on October 17, 2006.  After further negotiations, on May 6, 2009, the parties entered a consent judgment.  The trial court memorialized the terms of that consent judgment in its opinion:

> It is hereby ORDERED and DECREED that consent judgment is entered in favor of Plaintiff, Beneficial Consumer Discount Company ("Beneficial") in mortgage foreclosure and against Defendant, Pamela A. Vukman in the amount of $217,508.81 together with interest at the rate of $43.75 per diem for each day after May 6, 2009 and costs.  It is further ORDERED and DECREED that Defendant Pamela A. Vukman's ("Vukman"), New Matter and Counterclaim are hereby DISMISSED WITH PREJUDICE.
>
> Beneficial agrees to NOT execute on the Judgment as long as Vukman mets [sic] the following requirements:
>
> . . . .
>
> If any of the requirements are not met by the [sic] Vukman, Beneficial may immediately execute on the Judgment and proceed to Sheriffs Sale.
>
> If all of the above requirements are met by Vukman, Beneficial will vacate this judgment and bring Vukman's loan current with a balance of $139,000.00 on July 19, 2010.
>
> Vukman agrees to Release and hold harmless any and all persons and business entities, including

---

[1] Loan Interest and Protection Law, 41 P.S. § 403 (Act 6), and Housing Finance Agency Law, 35 P.S. §§ 1680.402c, 1680.403c (Act 91).

> but not limited to Beneficial, Beneficial's employees, agents and representatives, . . . from any and all claims set forth in Vukman's New Matter and Counterclaim **and from any and all claims she may have had or may have in the future** resulting from the matters brought forth in the above referenced action.
>
> This agreement has been on record in open court with all parties present on May 6, 2009 at the above-captioned docket [number].

Trial court opinion, 5/13/14 at 3 (emphasis added).

Vukman subsequently defaulted again. After pleadings were filed by both parties, a sheriff's sale went forward on August 2, 2010. On August 31, 2010, Vukman filed a motion to set aside the sheriff's sale which argued that the defective Act 91 notice deprived the trial court of subject matter jurisdiction. On January 10, 2011, the trial court agreed with Vukman and entered an order setting aside the sheriff's sale and dismissing the complaint in foreclosure.

Beneficial appealed the decision, and while this court affirmed the decision on January 30, 2012, our supreme court reversed on September 25, 2013. ***Beneficial Consumer Discount Co. v. Vukman***, 37 A.3d 596 (Pa.Super. 2012), ***reversed***, 77 A.3d 547 (Pa. 2013). The supreme court found that while the Act 91 notice was indeed defective, it did not deprive the trial court of subject matter jurisdiction, and remanded the case.

On February 14, 2014, Beneficial moved to confirm the sheriff's sale. In response, Vukman argued that the trial court had to grant her relief under Act 70 because of Beneficial's defective Act 91 notice.[2] On February 19, 2014, the court entered an order granting Beneficial's motion to confirm the sheriff's sale. The court found that Vukman had surrendered any Act 70 remedy by the consent judgment. This timely appeal followed.

Although Vukman purports to frame three issues on appeal, she is effectively raising two issues:

1. Did Vukman waive her Act 70 rights by the consent judgment?

2. Is waiver of Act 70 rights barred by statute or public policy?

We will address these issues in the order presented.

Preliminarily, we note that the parties are in conflict as to what standard we should review the issues on appeal. Beneficial propounds an abuse of discretion standard as appropriate to a trial court's decision on a motion to set aside a sheriff's sale. *See Nationstar Mortgage, LLC v. Lark*, 73 A.3d 1265, 1267 (Pa.Super. 2013). Vukman, on the other hand, asserts that because our review involves statutory interpretation, our standard of review is *de novo*, and our scope of review plenary. *See Egan*

---

[2] Act 70 is the Homeowner Assistance Settlement Act, 35 P.S. §§ 1681.1 to 1681.7. Section 1681.5 of Act 70 enables the court to remedy violations of the notice sections of Act 91.

*v. USI Mid-Atlantic, Inc.*, 92 A.3d 1, 4 (Pa.Super. 2014), *appeal granted*, 108 A.3d 30 (Pa. 2015).

We agree with Vukman. Although this appeal is taken from an order confirming a sheriff's sale, in the first issue we are called upon to interpret the terms of a consent judgment. A consent judgment is a contract and is construed like a contract. *Laird v. Clearfield & Mahoning Railway Co.*, 846 A.2d 118, 122 (Pa.Super. 2004), *reversed on other grounds*, 916 A.2d 1091 (Pa. 2007); *see also Commonwealth ex rel. Fisher v. Phillip Morris, Inc.*, 736 A.2d 693, 698 n.14 (Pa.Cmwlth. 1999), *cert. denied*, *Sklaroff v. Pennsylvania ex rel. Fisher*, 531 U.S. 917 (2000). It is well settled that where we are called upon to interpret a contract, our standard of review is *de novo* and our scope of review is plenary. *Newman Development Group of Pottstown, LLC v. Genuardi's Family Market, Inc.*, 98 A.3d 645, 653 (Pa.Super. 2014). As for the second issue, as noted by Vukman, an issue involving statutory interpretation carries the identical standard of review. We now turn to the issues.

We first find that Vukman's issues are moot because the consent judgment effectively provided Vukman Act 70 relief. Act 70 provides as follows:

> The following provisions shall apply relating to the Homeowner's Emergency Mortgage Assistance Program:
>
> (1)    If there has been a failure to comply with the notice requirements of sections

- 5 -

> 402-C and 403-C of [Act 91], known as the Housing Finance Agency Law, and such failure has been properly raised in a legal action, including an action in foreclosure, for money due under the mortgage obligation or to take possession of the mortgagor's security, the court may dismiss the action without prejudice, order the service of a corrected notice during the action, impose a stay on any action or impose other appropriate remedies in the action to address the interests, if any, of the mortgagor who has been prejudiced thereby.

35 P.S. § 1681.5(1).

The clear purpose of this section is to provide the trial court with remedial options to forestall a foreclosure action until the mortgagor has been provided with accurate Act 91 notice. In this regard, the court may: 1) dismiss the foreclosure action outright, but without prejudice to re-file and provide proper Act 91 notice; 2) order corrected Act 91 notice; 3) impose a stay; or 4) impose any other appropriate remedy to address the interest of the mortgagor.

We find that the consent judgment effectively provided Act 70 relief. At the time the consent judgment was entered, Vukman not only was aware that she had the right to a face-to-face meeting with Beneficial, she had actually had that meeting because it resulted in the consent judgment. Furthermore, as a result of the consent judgment, not only was foreclosure forestalled, it was prevented altogether so long as Vukman complied with

the payment obligations provided in the consent judgment. Thus, although Act 70 had not been enacted at the time of the consent judgment, the consent judgment effectively provided the relief envisioned by Act 70.

Moreover, even if the consent judgment did not serve as Act 70 relief, Vukman is not entitled to such relief now. In her first issue, Vukman contends that in the consent judgment she waived only those claims set forth in her New Matter and Counterclaim, but not any of her defenses, such as Act 70. We disagree. The language of the consent decree clearly and unambiguously included a waiver of far more than just the claims Vukman set forth in her New Matter and Counterclaim: "Vukman agrees to Release and hold harmless any and all persons and business entities . . . from any and all claims set forth in Vukman's New Matter and Counterclaim **and from any and all claims she may have had or may have in the future**." If we interpreted this language as limiting the waiver to just the claims contained in the New Matter and Counterclaim, the highlighted language would be rendered mere surplusage.

> When a written contract is clear and unequivocal, its meaning must be determined by its contents alone. In construing a contract, we must determine the intent of the parties and give effect to all of the provisions therein. An interpretation will not be given to one part of the contract which will annul another part of it.

***Gaffer Insurance Co., Ltd. v. Discover Reinsurance Co.***, 936 A.2d 1109, 1113 (Pa.Super. 2007), quoting ***Capek v. Devito***, 767 A.2d 1047, 1050 (Pa. 2001) (citations and quotation marks omitted).

Vukman's proposed interpretation does not give effect to the highlighted language but instead annuls it. Clearly, Vukman intended to waive any and all claims both past and present. This would include any claims under Act 70. We also reject Vukman's argument that she could not waive an Act 70 claim in the consent judgment because Act 70 had not been enacted at the time. The language of the consent judgment waives all claims Vukman may have in the future. Such a waiver clearly anticipates all future remedies whether known or unknown. There is no merit here.

In her second issue, Vukman asserts that Act 70 cannot be waived either as a matter of statute or public policy. Vukman's statutory argument is predicated upon the no-waiver provision of Act 6:

> Notwithstanding any other law, the provisions of this act may not be waived by any oral or written agreement executed by any person.

41 P.S. § 408. Vukman then states, "[t]herefore, statutory rights under Act 70 cannot be waived because Act 6 was incorporated into Act 91 and Act 91 was amended by Act 70." (Vukman brief at 8.)

Neither Act 70 nor Act 91 has a no-waiver provision. Act 91 did incorporate the notice information required under Act 6. ***See*** 35 P.S. § 1680.403c(b)(1). However, Act 91 did not incorporate the no-waiver

- 8 -

provision. Moreover, both Act 70 and the notice requirements of Act 91 were enacted after the no-waiver provision of Act 6 was enacted. Obviously, the Legislature was aware that it had barred waiver under Act 6 and could also have done so under Act 70 and Act 91, but chose not to do so. Therefore, we find no statutory bar to waiver of Act 70.

As for public policy prohibiting waiver, Vukman merely quotes a nearly 80-year-old case stating that the then existing usury statute was part of the public policy of the state and could not be waived by the debtor. While we agree that usury is against the public policy of this state, we are not prepared to rule that this public policy extends to the waiver of Act 70 under the circumstances of this case. We again note that the Legislature could have barred waiver of Act 70 provisions but chose not to do so. Thus, we find no public policy barring Vukman's waiver of Act 70 in the context of this case.

Accordingly, having found no merit to the issues on appeal, we will affirm the order below.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/6/2015