**Mrs. Frania Tye LEE**

v.

**Ray Lee HUNT, Testamentary Executor of the Ancillary Succession of H. L. Hunt.**

**Civ. A. No. 75–423.**

United States District Court, M. D. Louisiana.

June 14, 1976.

Wallace A. Hunter, Roger M. Fritchie, L. Michael Cooper, Durrett, Hardin, Hunter,

Dameron & Fritchie, Baton Rouge, La., for plaintiff.

Lawrence E. Donohoe, Jr., Davidson, Meaux, Onebane, Donohoe, Bernard, Torian & Diaz, Lafayette, La., D. L. Case, Jackson, Walker, Winstead, Cantwell & Miller, Dallas, Tex., for defendant.

## ON REHEARING

E. GORDON WEST, District Judge:

This case originally came before the Court on March 17, 1976, when arguments were heard on defendant's motion to dismiss, or alternatively to abstain in favor of a State Court determination of the issues, or as a third alternative, to transfer this case to the United States District Court for the Northern District of Texas. After hearing, the Court concluded that the case should be transferred to Dallas, Texas, and so ordered on April 8, 1976. On April 9, 1976, pursuant to plaintiff's motion for a stay order, the Court issued an order staying the transfer of the case to the United States District Court for the Northern District of Texas in Dallas, Texas, pending the filing by the plaintiff of an application or motion for rehearing. The plaintiff's motion for rehearing was filed on April 20, 1976, and briefs were subsequently filed by counsel for both parties. In view of the detailed and exhaustive briefs filed, no further oral argument was required. The matter is now before the Court for reconsideration of its prior order transferring the case to the United States District Court for the Northern District of Texas. The plaintiff strenuously argues that if this case cannot be heard in the Middle District of Louisiana, it should be transferred to the Western District of Louisiana instead of the Northern District of Texas. Defendant, of course, argues the validity of the Court's prior order.

■ As pointed out by this Court in its original opinion of April 8, 1976:

"(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose." Title 28, United States Code, Section 1391(a).

A careful reconsideration of this case once again leads the Court to the conclusion that venue is not properly laid in the Middle District of Louisiana. For the reasons stated in our original opinion of April 8, 1976, we conclude once again that no party to this suit is domiciled for the purposes of jurisdiction in this District, nor did the plaintiff's claim arise here. There is also no doubt but that the defendant is domiciled in Dallas, Texas, which fact would make it possible for the plaintiff, under Section 1391(a), to bring her suit there. But she chooses not to do so. In view of this Court's prior ruling, her first choice now is to bring her suit in the Western District of Louisiana. The defendant is not domiciled there, nor is the plaintiff domiciled there, but the plaintiff contends that that is where her claim arose. If it did, she would, under Section 1391(a), be entitled to bring her action there if she chose to do so. The defendant takes the position that no weight should be attached to the plaintiff's present election to bring her suit in the Western District of Louisiana because, he says, her first choice was the Middle District of Louisiana and she is not to be accorded a preference more than once. There is, of course, no merit to such an argument. It is obvious that had the plaintiff known that the Court would not permit her to bring her suit in the Middle District of Louisiana, she would have brought it in the Western District of Louisiana to begin with. So now, as of this time, the Western District of Louisiana must be considered as plaintiff's choice of forum, and there is no doubt but that great weight must be given to her choice. See *Schutte v. Armco Steel Corp.*, 431 F.2d 22 (CA 3–1970); *William A. Smith Contracting Co. v. Travelers Indemnity Co.*, 467 F.2d 662 (CA 10–1972). The only question to be decided is whether or not her claim can be said to have arisen in the Western District of Louisiana. If it did, she should be permitted to elect that Court as her preferred forum. After careful reconsider-

ation of this record, and after a careful reading of the plaintiff's very lengthy deposition, which has been filed in the record of this case, we now conclude, from that evidence, that the cause of action upon which this suit is based can be fairly said to have arisen in the Western District of Louisiana.

The plaintiff sues to be recognized as the putative wife of the deceased H. L. Hunt. The testimony in the record, which is thus far unrefuted, is that the plaintiff and Mr. Hunt were married in Ybor City, a suburb of Tampa, Florida, on November 11, 1925. From the evidence before the Court it is obvious that neither the plaintiff nor Mr. Hunt ever intended to make Florida their home. It is clear from the evidence that from the very beginning of their alleged marriage they both intended to make Shreveport, Louisiana, their home. After their alleged marriage they stayed in Tampa, Florida, for three or four days and visited other surrounding towns. According to the plaintiff, Mr. Hunt left for Louisiana about a week following their marriage. He came back to spend Christmas with her and stayed about two weeks during which she and Mr. Hunt traveled around Florida. He returned to Louisiana "because Louisiana was home." He was to send for the plaintiff, and in early February, 1926, he did so. He arranged for the plaintiff to sail from Tampa, Florida to New Orleans, Louisiana, where he met her, and where they stayed together for about ten days. Thereafter they traveled to Shreveport, Louisiana, where they leased an apartment. According to the plaintiff's testimony, this became their first matrimonial domicile. It was there that their first child was born. About a year later, according to the plaintiff's testimony, they bought a home in Shreveport, where their second child was born. This home was subsequently sold and another larger house was purchased in Shreveport. Plaintiff and Mr. Hunt apparently maintained their matrimonial domicile in Shreveport, Louisiana, for about four and a half years, from early 1926 until mid 1930. Just before the third child was born, they moved to Dallas, Texas. From the evidence before the Court there is no showing whatsoever that a domicile was ever established in Florida. Florida was simply the place where the alleged marriage ceremony was performed and where the newly married couple spent their honeymoon. From the very beginning, it was, according to the plaintiff's testimony, their intention to establish their matrimonial domicile in Shreveport, Louisiana, which they did some three months following the celebration of the marriage ceremony and where it remained for over four years. Plaintiff now claims to have been the putative wife of Mr. H. L. Hunt. If she was, it was because she established a matrimonial domicile with him following what she believed to be a valid marriage ceremony, and because she thereafter held herself out to be the lawful wife of the man she believed to be her lawful husband. All of these manifestations of a lawful marriage, including the birth and registration thereof of two children, occurred in Shreveport, Louisiana. She now seeks, as a result of those manifestations, to be recognized as the putative wife of the late H. L. Hunt. Her claim to this status arose in Shreveport, Louisiana, where all of these manifestations occurred. She has the right to have her cause determined there. Title 18, United States Code, Section 1391(a) gives her that right. In issuing its prior order of April 8, 1976, this Court considered in detail the defendant's contention that the Court in Dallas, Texas, would be a more convenient forum than other courts in which the case might conceivably be brought. A reconsideration of this issue leads the Court to conclude that there is not a sufficient difference between the convenience of the location of the Court in Dallas, Texas and that of the Court in Shreveport, Louisiana, to permit this factor to override the plaintiff's choice of forum.

Therefore, for these reasons, this Court's order of April 8, 1976, transferring this case to the United States District Court for the Northern District of Texas will be recalled, rescinded and set aside, and an order will issue herein transferring this case to the United States District Court for the West-

ern District of Louisiana, Shreveport Division.