**KANSAS CITY BRICKLAYERS EMPLOYEES PENSION FUND, et al., Plaintiffs,**

v.

**JERRY BENNETT MASONRY CONTRACTOR, INC., et al., Defendants.**

Civ. A. No. 87–2464–O.

United States District Court, D. Kansas.

Sept. 22, 1988.

Michael C. Arnold, Michael G. Newbold, Yonke, Arnold & Newbold, P.C., Kansas City, Mo., George A. Groneman, White & Groneman, Kansas City, Kan., for plaintiffs.

Terri Z. Austenfeld, Michaela M. Nicolarsen, Blackwell Sanders Matheny Weary & Lombardi, Overland Park, Kan., John R. Phillips, Gail M. Hudek, Blackwell Sanders Matheny Weary & Lombardi, Kansas City, Mo., for defendants.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

In this action, plaintiffs seek recovery for certain allegedly delinquent fringe benefit contributions. The parties agree that venue in the District of Kansas is proper under the Employee Retirement Income Security Act of 1974 ("ERISA"), *see* Title 29, United States Code, Section 1132, but defendants move for transfer of venue to the Western District of Missouri, Southern Division, pursuant to Title 28, United States Code, Section 1404(a).

The decision to grant a transfer of venue is within the sound discretion of the trial judge. *Texas Eastern Transmission Corp. v. Marine Office–Appleton & Cox Corp.,* 579 F.2d 561 (10th Cir.1978); *see also Hustler Magazine, Inc. v. U.S. District Court for the Dist. of Wyoming,* 790 F.2d 69 (10th Cir.1986). Moreover, to prevail in a motion to transfer, a movant must demonstrate that the balance of considerations tilts strongly in its favor. *William A. Smith Contracting Co., Inc. v. Travelers Indem. Co.,* 467 F.2d 662 (10th Cir. 1972). Finally, the court must give great weight to plaintiffs' choice of forum. *Ammon v. Kaplow,* 468 F.Supp. 1304 (D.Kan. 1979).

In the case at bar, the court is of the opinion that the transfer of venue to the Western District of Missouri, Southern Division, will merely shift the inconvenience from the defendants to the plaintiffs. Although defendants will need to bring records and witnesses to Kansas City, all of the pension fund records, twelve of the fund's sixteen trustees, and the accounting firm retained by plaintiffs are located in this area. Defendant chose to administer its employees benefit plan in Kansas, and the potential for being involved in inconvenient litigation is one of the risks of doing business.

IT IS THEREFORE ORDERED that defendants' motion to transfer venue is denied.