**ALLSTATE INSURANCE COMPANY, Plaintiff,**

v.

**EMPLOYERS REINSURANCE CORPORATION, Defendant.**

Civ. A. No. 89-2196-O.

United States District Court, D. Kansas.

July 11, 1989.

Thomas N. Sterchi and Phillip C. Rouse, Baker & Sterchi, Kansas City, Mo., and Douglas D. Sutherland, Baker & Sterchi, Overland Park, Kan., for plaintiff.

Joseph A. Sherman and David S. Baker, Sherman, Wickens, Lysaught & Speck, Kansas City, Mo., and Kathryn E. Nichols, Sherman, Wickens, Lysaught & Speck, Overland Park, Kan., for defendant.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This is a declaratory judgment action to determine the rights and obligations of the parties under a reinsurance agreement. The case is currently before the court on a rather unusual motion to transfer pursuant to 28 U.S.C. § 1404(a). Defendant ERC is an insurance company with its principal place of business in Kansas. Plaintiff Allstate is an Illinois corporation with its principal place of business in Illinois. Rather than filing this action in Illinois, however, plaintiff filed suit in Kansas, where defendant resides. Nevertheless, the defendant moves the court to transfer the action to Illinois.

Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil actions to any other district or division where it might have been brought.

The decision to transfer a case to another district is left to the court's discretion. *See, e.g., Farmer Brothers Co. v. Coca-Cola Co., Inc.,* 366 F.Supp. 725, 726 (S.D. Tex.1973). The moving party has the burden of establishing that a suit should be transferred under § 1404(a). *Triple A Partnership v. MPL Communications,* 629 F.Supp. 1520, 1526 (D.Kan.1986) (citations omitted). "Moreover, to prevail in a motion to transfer, a movant must demonstrate that the balance of considerations tilts strongly in its favor." *Kansas City Bricklayers Employees Pension Fund v. Jerry Bennett Masonry,* 703 F.Supp. 883, 884 (D.Kan.1988) (citing *William A. Smith Contracting Co., Inc. v. Travelers Indem. Co.,* 467 F.2d 662 (10th Cir.1972)). The court must give great weight to a plaintiff's choice of forum, *Ammon v. Kaplow,*

468 F.Supp. 1304, 1313 (D.Kan.1979), and must "carefully weigh the competing equities relied upon by the parties." *Hustler Magazine v. United States District Court*, 790 F.2d 69, 71 (10th Cir.1986).

The defendant has failed to convince the court that transferring this case to Illinois will increase convenience or serve the interests of justice. Material witnesses are found within Kansas as well as in Illinois, and material documents are also located in both jurisdictions. It would appear that transferring the case to Illinois would simply transfer the inconvenience of producing out-of-town witnesses and documents to another district court, rather than lessening the inconvenience. Under such circumstances, the court will not disturb the plaintiff's choice of forum.

IT IS THEREFORE ORDERED that defendant's motion for transfer pursuant to 28 U.S.C. § 1404(a) is denied.