Sophia FARR, Violet Farr, Kevin Farr, Kelly Farr, Walter J. Stotler, Jr., Cathy Stotler, Francis Wellnitz, Mary M. Wellnitz, M.W. Markley, Dema Marsh, Marlene Markley, Walter Markley, Marcia Guard, Donald G. Guard, Don DeLong and Mary Lou DeLong, Plaintiffs,

v.

DESIGNER PHOSPHATE AND PREMIX INTERNATIONAL, INC., Tim Tobiason, Emil Tobiason, Wayne Loseke, Terry Vavrina, Kenneth Bach, Daniel Kellner, James Kellner, Thomas Kaiser, LaVine Kumm, Todd Tobiason, Donald Jacobson, Thomas Mrkvicka and Charles W. Allphin, III, Defendants,

v.

Lloyd FARR, Third Party Defendant.

Civ. A. No. 90–4180–S.

United States District Court,
D. Kansas.

Nov. 13, 1991.

Michael E. Francis, Thomas J. Wilder, Alan V. Johnson, Sloan, Listrom, Eisenbarth, Sloan & Glassman, Topeka, Kan., for plaintiffs.

Joseph R. Colantuono, Polsinelli, White, Vardeman & Shalton, Overland Park, Kan., Darren R. Carlson, Walentine & O'Toole, Omaha, Neb., Weston A. Sechtem, Robert J. Bjerg, Miller Law Firm, Kansas City, Mo., Rudolph H. Beese, Richmond M. Enochs, Wallace, Saunders, Austin, Brown & Enochs, Overland Park, Kan., Joe Rebein, Shook, Hardy & Bacon, Kansas City, Mo., Barbara A. Harmon, Shook, Hardy & Bacon, Overland Park, Kan., David Lee Heinemann, Robert O. Lesley, Stinson, Mag & Fizzell, Kansas City, Mo., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on motion of defendants Designer Phosphate & Premix International, Inc. ("DPPI"), Tim Tobiason, Wayne Loseke, Donald Jacobson, Todd Tobiason, and Emil Tobiason to transfer this case to the United States District Court for the District of Nebraska pursuant to 28 U.S.C. § 1404(a). The court notes that its previous order entered November 12, 1991, dismissing Wayne Loseke, Donald Jacobson, Todd Tobiason, and Emil Tobiason for lack of personal jurisdiction renders this motion moot as to those defendants.

█ The change of venue statute, 28 U.S.C. § 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Tenth Circuit, in interpreting this statute, has stated that the party moving to transfer the case bears the bur-

den of establishing that the forum is inconvenient. *Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1515 (10th Cir.1991). The court further noted that the statute was intended to give district courts discretion to evaluate motions to transfer, giving consideration to convenience and fairness in each individual case.

■ In deciding motions to transfer, district courts must weigh the competing equities, giving great weight to the plaintiff's choice of forum. *Allstate Ins. Co. v. Employers Reinsurance Corp.,* 715 F.Supp. 1502, 1502–03 (1989).

> Among the factors [a district court] should consider is the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical. *Chrysler Credit Corp.,* 928 F.2d at 1516 (citation omitted).

As previously noted, this court has dismissed the defendants named above, as well as eight other defendants. The only defendants remaining in this case are DPPI and Tim Tobiason. Most of the plaintiffs are from Kansas and the two remaining defendants are residents of Nebraska. In evaluating the remaining defendants' motion to transfer this case to Nebraska, the court must also consider the effect its previous ruling dismissing 12 of 14 defendants will have on the plaintiffs' choice of Kansas as their forum.

■ The court has carefully considered the arguments of the parties and the court's previous ruling of March 27, 1991, denying the defendants' motion to transfer. The court finds that defendants have met their burden of showing that transfer is warranted under 28 U.S.C. § 1404(a), and the case will be transferred to the District of Nebraska.

Defendants contend all of the non-party witnesses reside in Nebraska and cannot be compelled to appear in Kansas. In support of their contentions, defendants submit an affidavit by Emil Tobiason identifying the witnesses who will be called, their expected testimony and whether each witness will appear voluntarily. Many of these witnesses are expected to rebut certain claims of the plaintiffs. The affidavit is based upon Emil Tobiason's personal knowledge and belief. Plaintiffs contend, upon their own independent investigation and belief, however, that the majority of the witnesses identified by the defendants will testify favorably to the plaintiffs and will not be called by the defendants. They further argue that testimony on the key issues will come from the plaintiffs, most of whom are Kansas residents, so Nebraska is not a more convenient forum for the key witnesses.

The plaintiffs will be primary fact witnesses, but any witness who has rebuttal testimony will be important to the defendants. Although plaintiffs may believe to the contrary, the defendants' affidavit certainly raises the likelihood there will be important defense witnesses who cannot be compelled to appear in Kansas. *See Factors Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 218 (2d Cir.1978), *cert. denied,* 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979). While deposition testimony may be presented at trial, the defendants should not be forced to put on the majority of their evidence by deposition. *Anderson v. Thompson,* 634 F.Supp. 1201, 1206 (D.Mont.1986). Further, other sources of proof, such as documents of DPPI, banks, and accountants are located in Nebraska. This is only one factor to consider, but one the court finds weighs in favor of Nebraska as a forum.

The plaintiffs' seven-count amended complaint includes allegations of federal securities laws violations, Kansas securities laws violations, and common law claims. While the majority of the 14 defendants named in

the first amended complaint were sued under the Kansas Securities Act and common law claims, the two remaining defendants were sued under the federal securities laws as well. Therefore, neither Kansas nor Nebraska courts would have greater familiarity in applying the federal laws.

While Kansas has an interest in protecting its residents from violations of its securities laws and in interpreting its own laws, only two of the defendants are subject to service of process in Kansas. The plaintiffs will either have to initiate an identical action in Nebraska against those defendants or choose to proceed in this forum against only two of the defendants. As a practical matter, Nebraska is the only forum in which the plaintiffs can adjudicate all of their claims against all of the parties in one lawsuit. Thus, the interest Kansas would have in applying its own law is balanced by the state's interest in having alleged violations of its securities laws adjudicated in a forum where all of the defendants can be joined.

The court does not find the other factors enumerated herein to be determinative, such as the concern with receiving a fair trial, the enforceability of a judgment, or the relative congestion of each court's dockets. When viewing the competing equities, the court finds that the advantages in transferring the case to Nebraska outweigh the plaintiffs' choice of Kansas as a forum.

IT IS BY THE COURT THEREFORE ORDERED that defendants' motion to transfer this case to the District of Nebraska is granted (Doc. 132).

IT IS FURTHER ORDERED that the motion of former defendant Thomas Mrkvicka to dismiss the plaintiffs' first amended complaint as to defendant Mrkvicka is denied as moot (Doc. 246).