James Richard **COOK** and Margaret Ann **Cook**, Plaintiffs,

v.

The **ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY**, Defendant.

**Civ. A. No. 92–1269–MLB.**

United States District Court, D. Kansas.

March 5, 1993.

---

Paul L. Thomas, Wichita, KS, Ed Abel, Abel, Musser, Sokolosky & Clark, Oklahoma City, OK, for plaintiffs.

Paul R. Hoferer, A.T. & S.F. Ry. Co., Topeka, KS, H.D. Binns, Jr., Rod L. Cook, Julie A. Delluomo, Rainey, Ross, Rice & Binns, Oklahoma City, OK, for defendant.

## MEMORANDUM AND ORDER

BELOT, District Judge.

This case comes before the court on The Atchison, Topeka & Santa Fe Railway Company's (defendant) motion to transfer this action to the United States District Court for the Northern District of Oklahoma, pursuant to 28 U.S.C. § 1404(a). (Doc. 7)

This case arises out of a collision between the Cooks' vehicle and the defendant's train in Bartlesville, Oklahoma, on December 2, 1990. The Cooks, who are residents of Bartlesville, Oklahoma, filed this personal injury action on May 22, 1992, alleging the accident was caused by the defendant's negligence. The Cooks designated Wichita, Kansas, as the place for trial.

28 U.S.C. § 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

■ The moving party has the burden of establishing that a suit should be transferred under § 1404(a). *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir.1991).

> Among the factors [a district court] should consider is the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Id.* at 1516 (quoting *Texas Gulf Sulphur Co. v. Ritter,* 371 F.2d 145, 147 (10th Cir.1967)). Applying these factors in this case indicates that the case should be transferred to the Northern District of Oklahoma.

■ The Cooks have chosen the District of Kansas as the forum. A plaintiff's choice of forum is entitled to substantial weight. *Allstate Insurance Company v. Employers Reinsurance Corporation,* 715 F.Supp. 1502 (D.Kan.1989). However, where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum, the plaintiff's choice of forum is given reduced weight. *Hernandez v. Graebel Van Lines,* 761 F.Supp. 983, 990 (E.D.N.Y.1991) (Citations omitted).

■ The convenience of witnesses is the most important factor in deciding a motion under § 1404(a). *Buckley v. McGraw–Hill, Inc.,* 762 F.Supp. 430, 440 (D.N.H.1991). This factor appears to weigh strongly in the defendant's favor. The defendant has submitted a list of sixteen witnesses who are expected to be called as witnesses at the trial. Eleven of the sixteen reside in Bartlesville, Oklahoma. The Bartlesville, Oklahoma, witnesses include eyewitnesses to the accident, an investigating police officer, a treating physician, emergency medical personnel, and city officials responsible for maintenance of the railroad crossing. The Cooks also reside in Bartlesville, Oklahoma. Of the five Kansas witnesses listed, four of the five reside in southeast Kansas. These witnesses reside closer to Tulsa, Oklahoma, than to Wichita, Kansas. Additionally, all five Kansas witnesses are employees of the defendant.

■ The availability of process to compel the testimony of witnesses is also an important factor. *Hernandez,* 761 F.Supp. at 990. The defendant argues the Kansas venue will deprive it of the availability of compulsory process to compel the attendance of many of the witnesses having knowledge of relevant events. Under Fed.R.Civ.P. 45(b)(2), the subpoena power of the court extends to places outside the district that are within 100 miles of the place of trial. The court agrees with the Cooks that the proper interpretation of Rule 45(b)(2) is to measure the 100 mile rule by a straight line on a map. *Hill v. Equitable Bank,* 115 F.R.D. 184, 186 (D.Del.1987). Using the straight line method, it is approximately 100 miles from Wichita to Bartlesville. Depending on where in Bartlesville the witnesses live, the defendant faces a real prospect of not being able to exercise the court's compulsory subpoena power. While the defendant may present deposition testimony of unavailable witnesses, it would be unfair to force them to present a significant portion of their case by deposition. *Farr v. Designer Phosphate and Premix Intern.,* 777 F.Supp. 895, 896 (D.Kan. 1991).

■ A federal court sitting in a diversity case must apply the substantive law of the forum, including its choice of law rules. *Ferens v. John Deere Co.,* 494 U.S. 516, 519, 110 S.Ct. 1274, 1277, 108 L.Ed.2d 443 (1990) (citing *Klaxon Co. v. Stentor Electric Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941)). In Kansas, the law of the state where the tort occurred is applied to the substantive rights of the parties. *Brown v. Kleen Kut Mfg. Co.,* 238 Kan. 642, 644, 714 P.2d 942 (1986). In this case, the accident took place in Oklahoma. The Kansas choice of law rules thus make clear that this court would apply the substantive law of Oklahoma. While the court does not perceive at this juncture any novel or complex issues of state law arising in the case, the court believes that construction of Oklahoma law is better left to an Oklahoma court that is undoubtedly more familiar with it. *Hernandez,* 761 F.Supp. at 991 (Citation omitted).

The court finds the interests of justice are served by transferring the case to Oklahoma. The accident occurred there. The majority of the witnesses and sources of proof are located there. Potential problems relating to the attendance of key witnesses at trial will be obviated by a transfer. Finally, the court believes it would be more appropriate to have the case tried before a jury selected from residents of the state having the greatest interest in the case, namely, the state where the accident occurred. Accordingly, the mo-

tion (Doc. 7) to transfer to the Northern District of Oklahoma is granted.

**IT IS SO ORDERED.**