**FEDERATED RURAL ELECTRIC INSURANCE CO., Plaintiff,**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY, Defendant.**

**Civ.A. No. 94–2351–GTV.**

United States District Court,
D. Kansas.

Jan. 24, 1995.

Michael K. Seck, Fisher, Patterson, Sayler & Smith, Overland Park, KS, for plaintiff.

Michael G. Norris, Norris & Keplinger, L.L.C., Overland Park, KS, Michael L. Co-

hen, Arter & Hadden, Washington, DC, for defendant.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

This diversity of citizenship case is before the court on defendant's motion (Doc. 3) to dismiss plaintiff's complaint, pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted or, in the alternative, to transfer the case to the United States District Court for the Southern District of Ohio. For the reasons set forth below, defendant's motion to dismiss is granted in part and denied in part and the motion to transfer is granted.

### I. Background

This is a dispute between insurance companies over the terms and obligations created by two reinsurance treaties. The following summary is based on the allegations included in plaintiff's complaint.

The plaintiff, Federated Rural Electric Insurance Company (Federated), is a corporation organized under the laws of Wisconsin and having its principal place of business in Kansas. The defendant, Nationwide Mutual Insurance Company (Nationwide), is incorporated and maintains its principal place of business in Ohio. Federated is in the business of insuring rural electric and telephone cooperatives. In the 1970s and early 1980s Federated issued policies which insured risks in Kansas and covered liability for personal injury and property damage.

The parties entered into reinsurance treaties in September 1976 and in September 1980. Under the terms of these treaties Nationwide agreed to reinsure and indemnify Federated for certain losses under its policies. Both reinsurance treaties were executed in Ohio and transmitted to Federated in Wisconsin where its corporate headquarters was located. At some point after these treaties were executed, Federated moved its corporate headquarters to Kansas where it is currently located. Both of the reinsurance treaties contain clauses which provide that any disputes between the parties arising out of the treaties will be submitted to arbitration and that the arbitration will take place in Columbus, Ohio, unless the parties agree to some other location.

During the time the reinsurance treaties were in effect claims were made against insureds of Federated by claimants who were supplied electricity by the insured cooperatives. In each case the claimants alleged that stray voltage problems caused damage to dairy herds and reduced milk production. The claimants alleged that Federated's insureds caused or failed to prevent the stray voltage problems.

Federated settled these claims by making payments to the claimants. Federated alleges that the claims fell within the terms of the reinsurance treaties, but that Nationwide has refused to pay the amounts due to Federated. Federated sent notices to Nationwide demanding arbitration of the disputes arising out of each of the claims. The parties then entered into a Submission to Arbitration on November 19, 1993, and they further agreed that each side would select an arbitrator and that a third arbitrator would be selected from a list of seven names provided by the American Arbitration Association. According to the alleged agreement, the parties would jointly interview the seven prospective arbitrators and then each side would eliminate three, resulting in the remaining arbitrator being appointed as the third arbitrator. Federated alleges that Nationwide has refused to fulfill its part of the agreement related to the selection of the third arbitrator.

Federated's complaint is set out in three counts. Count I alleges a breach of contract as a result of Nationwide's refusal to reimburse Federated the amounts owed under the reinsurance treaties. Federated claims damages in the amount of $1,186,372.30. In Count II Federated seeks a declaratory judgment that the arbitration provisions contained in the treaties are void and unenforceable under the laws of Kansas which govern the parties' dispute. Federated claims in Count III that Nationwide breached the Submission to Arbitration agreement and therefore should be precluded or estopped from asserting the arbitration provisions contained in the reinsurance treaties.

## II. Motion to Dismiss

In ruling on a motion to dismiss, the court must assume the truth of all well-pleaded facts in plaintiff's complaint and view them in the light most favorable to plaintiff. *Zinermon v. Burch,* 494 U.S. 113, 118, 110 S.Ct. 975, 979, 108 L.Ed.2d 100 (1990); *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984). All reasonable inferences must be indulged in favor of plaintiff, *Swanson,* 750 F.2d at 813, and the pleadings must be liberally construed. *Gas–A–Car, Inc. v. American Petrofina, Inc.,* 484 F.2d 1102 (10th Cir.1973); Fed.R.Civ.P. 8(a). The issue in reviewing the sufficiency of a complaint is not whether plaintiff will ultimately prevail, but whether it is entitled to offer evidence to support its claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The court may not dismiss a case for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

Fed.R.Civ.P. 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement need not be factually detailed but it "must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley,* 355 U.S. at 47, 78 S.Ct. at 103. Similarly, "allegations of conclusions or opinions are not sufficient when no facts are alleged by way of the statement of the claim." *Bryan v. Stillwater Bd. of Realtors,* 578 F.2d 1319, 1321 (10th Cir.1977). While a plaintiff is not required to precisely state each element of the claim, Rule 8(a) nevertheless requires minimal factual allegations on those material elements that must be proved to recover. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991).

■ Nationwide seeks dismissal of Federated's complaint on the grounds that Ohio rather than Kansas law governs enforcement of the reinsurance treaties and as a result the court must enforce the arbitration clauses contained in the treaties. Nationwide further asserts that Federated has not sufficiently pled the elements of estoppel in Count III of its complaint.

The court will first address Count II of plaintiff's complaint in which plaintiff seeks a declaratory judgment that the arbitration clauses in the reinsurance treaties are void and unenforceable. Federated argues that the court should declare the arbitration clauses to be unenforceable because to enforce them would be in violation of Kansas public policy.

The first question to resolve is whether federal or state law should be applied. The Federal Arbitration Act (FAA), 9 U.S.C. §§ 1–14, makes written arbitration provisions valid, irrevocable, and enforceable, except upon grounds as exist at law or in equity for the revocation of any contract. 9 U.S.C. § 2. The FAA applies to any "contract evidencing a transaction involving commerce." 9 U.S.C. § 2. The FAA has preemptive effect and has been held to preempt state laws that preclude parties from submitting matters to arbitration. *Perry v. Thomas,* 482 U.S. 483, 107 S.Ct. 2520, 96 L.Ed.2d 426 (1987); *Southland Corp. v. Keating,* 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984); *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24–25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983); *Foster v. Turley,* 808 F.2d 38, 40 (10th Cir.1986).

While the reinsurance treaties at issue in this case constitute transactions in interstate commerce, the preemptive effect of the FAA is drawn into question by the operation of another federal statute. The McCarran–Ferguson Act, 15 U.S.C. §§ 1011–1015, provides in part:

> No act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance ... unless such Act specifically relates to the business of insurance....

15 U.S.C. § 1012(b). The FAA does not specifically relate to the business of insurance. Thus, if Kansas has a law that prohibits arbitration in disputes involving the insurance business, the FAA's preemptive effect may be precluded by operation of the McCarran–Ferguson Act.

The Kansas version of the Uniform Arbitration Act, K.S.A. §§ 5–401 through 5–422, excludes from its definition of enforceable arbitration agreements those related to insurance contracts. The operative Kansas statute provides as follows:

> (b) Except as provided in subsection (c), a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable except upon such grounds as exist at law or in equity for the revocation of any contract.

> (c) The provisions of subsection (b) shall not apply to: (1) contracts of insurance …

K.S.A. § 5–401. The Tenth Circuit, in *Mutual Reinsurance Bureau v. Great Plains Mut. Ins. Co., Inc.*, 969 F.2d 931 (10th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 604, 121 L.Ed.2d 540 (1992), held that this provision is a law enacted for the purpose of regulating the "business of insurance," thus invoking the McCarran–Ferguson Act. 969 F.2d at 932. The court further held that § 5–401 applies to reinsurance agreements, and that the Kansas statute combined with the McCarran–Ferguson Act precludes the application of the FAA. *Id.* at 934–35.

Plaintiff's argument that the arbitration clauses in this case are unenforceable ultimately fails, however, because under the appropriate choice of law analysis Ohio rather than Kansas law would apply to the interpretation of the reinsurance agreements. In determining the applicable substantive law in a diversity case, a federal court must apply the law of the state in which it sits, including that state's choice of law rules. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941); *Robert A. Wachsler, Inc. v. Florafax Int'l, Inc.*, 778 F.2d 547, 549 (10th Cir.1985). Kansas courts apply the rule of *lex loci contractus* (the law of the place where the contract was made) when the case involves interpretation of a contract. *See Simms v. Metropolitan Life Ins. Co.*, 9 Kan.App.2d 640, 642, 685 P.2d 321 (1984). The reinsurance treaties in this case were issued in Ohio, and the parties agree that applying the rule of *lex*

*loci contractus* results in Ohio law governing the interpretation of the treaties.

Ohio's version of the Uniform Arbitration Act contains no exclusion of insurance contracts from the arbitration agreements treated as valid and enforceable.[1] Nor have the parties identified any other Ohio law which may be interpreted to exclude insurance disputes from the scope of enforceable arbitration. Because Ohio substantive law applies to the interpretation of the reinsurance agreements, there is no basis for precluding application of the FAA to the arbitration provisions.

Plaintiff maintains, however, that Kansas courts would refuse to enforce the arbitration provisions as being against Kansas public policy. Plaintiff cites *St. Paul Surplus Lines Ins. Co. v. International Playtex, Inc.*, 245 Kan. 258, 777 P.2d 1259 (1989), *cert. denied,* 493 U.S. 1036, 110 S.Ct. 758, 107 L.Ed.2d 774 (1990) for the proposition that Kansas will not apply the law of another state if that law contravenes Kansas public policy. In *St. Paul,* Playtex's insurers brought a declaratory judgment action in Kansas in which they sought a declaration that a punitive damage award against Playtex in another lawsuit was not insurable. The court found that Delaware law, under which punitive awards were insurable, violated Kansas public policy. 245 Kan. at 273, 777 P.2d 1259. The court refused to apply Delaware law and instead entered a judgment in favor of the insurers based on Kansas law and policy. *Id.*

Not every Kansas statutory provision, however, has been held to represent the type of strong public policy that would bar application of another jurisdiction's contrary law. *See Alexander v. Beech Aircraft Corp.*, 952 F.2d 1215, 1224 (10th Cir.1991) (finding that exception in Kansas products liability statute of repose not a strong public policy that would override the substantive law of the state where the tort and injury occurred); *Ellis v. Blaich,* 837 F.Supp. 1101 (D.Kan. 1993) (holding that Kansas insurance regulation not sufficient public policy to preclude application of Tennessee law); *Simms v. Metropolitan Life Ins. Co.,* 9 Kan.App.2d 640, 685 P.2d 321 (1984) (Kansas statute

---

1. *See* Ohio Rev.Code Ann. § 2711.01(A).

mandating certain coverage not applied to insurance policy issued outside the state).

In this case, plaintiff is asking the court to declare void and unenforceable provisions of insurance policies issued in another state which are enforceable not only under that state's laws, but also under federal statute. The court concludes that the Kansas public policy expressed in K.S.A. § 5–401 has no such effect.

■ Finally, the court notes that even if it decided to declare the arbitration provisions in the reinsurance treaties unenforceable, that holding would not extend to the Submission to Arbitration entered into by the parties to resolve the disputes at issue in this lawsuit. K.S.A. § 5–401 only precludes enforcement of *pre-dispute* arbitration provisions contained in insurance contracts. Agreements to submit *existing* disputes to arbitration are made enforceable without exception. *See* K.S.A. § 5–401(a) ("A written agreement to submit any existing controversy to arbitration is valid, enforceable and irrevocable except upon such grounds as exist at law or in equity for the revocation of any contract.").

The court concludes, based on the facts presented in plaintiff's complaint, that a declaratory judgment finding that the arbitration provisions are void and unenforceable would be contrary to law. Count II of plaintiff's complaint will therefore be dismissed.

The court finds no basis, however, for dismissing Counts I and III. Count I is Federated's breach of contract claim in which it alleges that Nationwide failed to reimburse Federated for losses covered by the reinsurance treaties. Dismissal of the underlying breach of contract claim is not warranted based on the court's finding that the arbitration provisions may be valid and enforceable. The court has no motion to compel arbitration before it, and there is insufficient evidence at this point to determine whether arbitration should be compelled. Even if the parties were directed to arbitrate their disputes, the underlying claim would be stayed pending arbitration, pursuant to the FAA, and not dismissed. *See* 9 U.S.C. § 3.

■ In Count III Federated seeks a declaratory judgment to the effect that Nationwide breached the Submission to Arbitration agreement entered into between the parties on November 19, 1993, and that Nationwide therefore be precluded from enforcing the arbitration provisions in the reinsurance treaties. Nationwide argues that Count III should be dismissed because Federated has failed to plead facts sufficient to satisfy the elements of estoppel.

■ Although Federated uses the term estoppel in its complaint, a liberal reading of Count III indicates that Federated is seeking a declaratory judgment to the effect that Nationwide has waived its right to arbitration by failing to comply with the terms of the Submission to Arbitration. A party's "right to arbitration, like any other contract right, can be waived." *Reid Burton Constr. Inc. v. Carpenters Dist. Council of S. Colo.,* 614 F.2d 698, 702 (10th Cir.), *cert. denied,* 449 U.S. 824, 101 S.Ct. 85, 66 L.Ed.2d 27 (1980). The Tenth Circuit recently summarized the factors to be weighed in determining whether a party has waived its right to arbitration as follows:

> (1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether "the litigation machinery has been substantially invoked" and the parties "were well into preparation of a lawsuit" before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) "whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place"; and (6) whether the delay "affected, misled, or prejudiced" the opposing party.

*Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 39 F.3d 1482, 1489 (10th Cir. 1994) (quoting *Peterson v. Shearson/American Express, Inc.,* 849 F.2d 464, 467–68 (10th Cir.1988)).

Count III of Federated's complaint is sufficient to put Nationwide on notice as to Federated's claim. The question of what constitutes waiver of an arbitration agreement "depends on the facts of each case and usually calls for a finding by a trier of the facts." *Reid Burton,* 614 F.2d at 702. While a party seeking to prove waiver of arbitration bears "a heavy burden" and "must show substantial prejudice," *Adams v. Merrill Lynch, Pierce, Fenner & Smith,* 888 F.2d 696, 701 (10th Cir.1989), the allegations contained in Count III are sufficient to survive a motion to dismiss.

Based on the findings stated above, defendant's motion to dismiss for failure to state a claim upon which relief can be granted will be sustained as to Count II of plaintiff's complaint and denied as to the remainder of the complaint.

### III. Motion to Transfer

■ Nationwide has requested that this action be transferred to the United States District Court for the Southern District of Ohio to be consolidated with an action that Nationwide filed in that court on November 1, 1994.

Section 1404(a) of Title 28, United States Code, provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The moving party has the burden of establishing that a suit should be transferred under § 1404(a). *Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1515 (10th Cir.1991).

> Among the factors [a district court] should consider is the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a

practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp.,* 928 F.2d at 1516 (quoting *Texas Gulf Sulphur Co. v. Ritter,* 371 F.2d 145, 147 (10th Cir.1967)). In this case, the relevant factors strongly favor transfer.

"A plaintiff's choice of forum is entitled to substantial weight. However, where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum, the plaintiff's choice of forum is given reduced weight." *Cook v. Atchison, Topeka & Santa Fe Ry. Co.,* 816 F.Supp. 667, 669 (D.Kan.1993) (citations omitted). The reinsurance treaties which are at the heart of this controversy were issued in Ohio by an Ohio insurance company while plaintiff Federated was headquartered in Wisconsin. Federated has identified no facts giving rise to the dispute that are related to Kansas. The only significant relationship to Kansas results from the fact that Federated's headquarters are now located here along with many of its employees and records.

The only witnesses that have been identified by the parties are employees who have knowledge of the reinsurance agreements and the underlying claims which allegedly are covered by the agreements. While an Ohio forum would inconvenience those Federated employees located in Kansas, a Kansas forum would likewise inconvenience Nationwide's employees. Compulsory process to insure attendance of witnesses does not appear to be an issue in this case.

As previously discussed, Ohio substantive law would apply to interpretation of the reinsurance agreements. To the extent that this case ultimately turns on the application of Ohio law, it would be preferable for an Ohio federal court to adjudicate the case.

■ Most importantly, if the claims brought by Federated must be arbitrated, this court would be unable to compel arbitration and at the same time comply with the parties' agreement that arbitration take place in Ohio. The FAA provides that a party may petition any federal district court for an order to compel arbitration. 9 U.S.C. § 4. If the court ultimately orders the parties to

proceed to arbitration, the arbitration can take place only within the district in which the court is located. *Id.; see also Econo-Car Int'l, Inc. v. Antilles Car Rentals, Inc.,* 499 F.2d 1391 (3d Cir.1974) (holding that district court in Virgin Islands could not compel arbitration in New York, despite provision of the arbitration agreement). Thus, this court would be without power to order the parties to arbitrate their dispute in Ohio as they agreed. Transferring the case to Ohio will thus further the parties' intent as expressed in their agreements. *See Bosworth v. Ehrenreich,* 823 F.Supp. 1175, 1180 (D.N.J.1993) (District court sitting in New Jersey, unable to compel arbitration in New York as provided in parties' agreement, transferred venue to Southern District of New York.).

After considering the relevant factors the court finds that the interests of justice are best served by transferring this case to Ohio. Accordingly, the defendant's motion to transfer venue to the United States District Court for the Southern District of Ohio will be granted.

IT IS, THEREFORE, BY THE COURT ORDERED that defendant's motion (Doc. 3) to dismiss plaintiff's complaint is granted with respect to Count II and denied as to the remainder of the complaint.

IT IS FURTHER ORDERED that defendant's alternative motion to transfer venue is granted. The clerk shall transmit the court file along with a copy of this order to the United States District Court for the Southern District of Ohio pursuant to 28 U.S.C. § 1404(a).

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**