**F.J. JOSEPH, INC., d/b/a Big & Tall Fashion Center, Plaintiff,**

**v.**

**LIDA ADVERTISING, INC., Defendant.**

**No. Civ.A. 97–2486–KHV.**

United States District Court, D. Kansas.

Jan. 30, 1998.

---

Richard F. Lombardo, Shaffer, Lombardo & Shurin, Kansas City, MO, Albert F. Kuhl, Lenexa, KS, for F.J. Joseph, Inc., dba Big & Tall Fashion Center, plaintiff.

Frank F. Sallee, Troy H. Ellis, Polsinelli, White, Vardeman & Shalton, Overland Park, KS, Christopher Swafford, Brian W. Fields, Polsinelli, White, Vardeman & Shalton, Kansas City, MO, for Lida Advertising, Inc., defendant.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

This matter comes before the Court on defendant's *Motion To Transfer* (Doc. # 5) filed September 30, 1997, seeking transfer of the action to the United States District Court for the Eastern District of Missouri. For the following reasons, defendant's motion is overruled.

■ For "the convenience of the parties and witnesses" and "in the interest of justice," the Court may transfer a case to any district or division where it originally might have been brought. 28 U.S.C. § 1404(a). Section 1404(a) affords the district court broad discretion to adjudicate motions to transfer based upon a case-by-case review of convenience and fairness. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir.1991). In deciding whether to transfer, the Court should consider the following factors:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Id.* (citing *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir.1967)). To prevail on its motion, defendant must show that the balance of factors weighs heavily in favor of transfer. *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir.1992) (unless balance strongly favors movant, plaintiff's choice of forum should rarely be disturbed).

■ Defendant asserts the following factors support its motion to transfer: (1) plaintiff could have brought the action in the Eastern District of Missouri, where defendant's principal place of business is located;

(2) plaintiff can as easily travel to the Eastern District as to this district, from its place of business in Des Moines, Iowa; (3) the acts giving rise to plaintiff's claims occurred in the Eastern District; (4) important witnesses, including Repp, Ltd., an important non-party witness, are located in the Eastern District; (5) only one of plaintiff's witnesses is located in the District of Kansas; (6) Missouri substantive law will apply; and (7) it would be easier for plaintiff to enforce any judgment obtained if the case were adjudicated by a federal court in Missouri.

Plaintiff argues that defendant's motion improperly attempts to shift the forum inconvenience from defendant to plaintiff. Plaintiff also claims that more than four of its witnesses reside in this district. Moreover, plaintiff demonstrates that venue in this district is proper because a substantial part of the events giving rise its claim occurred here. *See* 28 U.S.C. § 1391(a)(2).

Applying the above factors to this case, the Court finds that defendant fails to meet its burden under Section 1404(a). Defendant is correct that plaintiff could have brought the action in the Eastern District of Missouri; that plaintiff can as easily travel to the Eastern District as to this district from its place of business in Des Moines, Iowa; that some of the actions giving rise to plaintiff's claims occurred in the Eastern District; and that plaintiff would have to enforce any judgment obtained in Missouri. These factors, however, do not establish any inconvenience to defendant. Rather, any inconvenience based on these factors is attributable to plaintiff. Nonetheless, plaintiff chose to file its action in the District of Kansas and the Court must give great weight to that choice. *See Scheidt,* 956 F.2d at 965; *Allstate Ins. Co. v. Employers Reinsurance Corp.,* 715 F.Supp. 1502, 1502–03 (D.Kan.1989). While it would no doubt be more convenient for defendant to litigate the case in St. Louis, it fails to establish a level of inconvenience which justifies disturbing plaintiff's choice of forum. Moreover, while the substantive law of Missouri may govern this action, the Court does not find that this factor alone warrants a transfer.[1]

**IT IS THEREFORE ORDERED** that defendant's *Motion To Transfer* (Doc. #5) filed September 30, 1997, should be and hereby is overruled.

---

1. At the time it filed its motion defendant asserted that witnesses from Repp Ltd., an important non-party, were beyond the Court's subpoena power and could not be compelled to testify at trial. On December 15, 1997, the Court granted defendant's motion to amend its answer and file a third-party complaint against Repp Ltd. *See Order* (Doc. #28). Accordingly, defendant's argument regarding the lack of compulsory process to insure attendance of these witnesses is now moot.