**KCJ CORPORATION, Plaintiff,**

v.

**KINETIC CONCEPTS, INC., et al., Defendants.**

**Civil Action No. 98–2047–KHV.**

United States District Court, D. Kansas.

Aug. 4, 1998.

Terry W. Schackmann, Therese M. Schuele, Michael F. Saunders, Teresa A. Woody, Spencer, Fane, Britt & Browne, Kansas City, MO, Stacy Y. Daniels, Spencer, Fane, Britt & Browne, Overland Park, KS, for Plaintiff.

Lawrence A. Rouse, Marcus N. Bozeman, Vivian W. McLeod, Rouse, Hendricks, German, May & Shank, Kansas City, MO, for Defendants.

### MEMORANDUM AND ORDER

VRATIL, District Judge.

This matter comes before the Court on defendants' *Motion To Transfer Venue* (Doc. # 47) filed March 25, 1998.

### Legal Standards

Whether to transfer venue under 28 U.S.C. § 1404[1] is within the sound discretion of the district court, and the party seeking the transfer has the burden of demonstrating that it is appropriate. *See Scheidt v. Klein,* 956 F.2d 963, 965 (10th Cir.1992). The Court may transfer a case to any district or division where it might have been brought

---

1. The District Court for the Western District of Missouri held that defendants were subject to personal jurisdiction in Missouri and they do not dispute personal jurisdiction in Kansas. Hence, this motion to transfer venue is reviewed under 28 U.S.C. § 1404(a) rather than 28 U.S.C. § 1406(a).

for "the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). The Court should also consider the following factors: [2]

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir.1991) (quoting *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir.1967)).

■ The Court must normally give great weight to plaintiff's choice of forum. *See Allstate Ins. Co. v. Employers Reinsurance Corp.*, 715 F.Supp. 1502, 1502 (D.Kan. 1989); *Ammon v. Kaplow*, 468 F.Supp. 1304, 1313 (D.Kan.1979). "Unless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed." *Scheidt*, 956 F.2d at 965 (quoting *William A. Smith Contracting Co., Inc. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir.1972)). It is not sufficient for defendant to show that the claim arose elsewhere, *see Headrick v. Atchison, Topeka & Sante Fe Ry. Co.*, 182 F.2d 305 (10th Cir.1950), nor will the Court order transfer if the result is merely to shift the inconvenience from one party to the other. *See Ammon*, 468 F.Supp. at 1304.

■ The District Court for the Western District of Missouri has already decided that venue properly resides in this district under section 1404(a), and defendants' motion is basically a motion for reconsideration. The doctrine of law of the case posits that when a court decides a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case. *Arizona v. California*, 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1982). This rule promotes the finality and efficiency of the judicial process by "protecting against the agitation of settled issues." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1987) (citations omitted). "[T]raditional principles of law of the case counsel against the transferee court reevaluating the rulings of the transferor court, including its transfer order." *Chrysler Credit Corp.*, 928 F.2d at 1516 (citations omitted).

■ The Court has discretion, however, whether to grant or deny a motion for reconsideration. *See Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988). In exercising that discretion the Court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence, and the need to correct clear error or prevent manifest injustice. *See* D. Kan. Rule 7.3; *Marx v. Schnuck Markets, Inc.*, 869 F.Supp. 895, 897 (D.Kan. 1994); *see also Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D.Kan.1990)(motion to reconsider appropriate when the Court has obviously misapprehended a party's position, the facts, or the applicable law, or when a party introduces new evidence that could not have been obtained through the exercise of due diligence).

### Factual Background

KCJ Corporation ("KCJ") sues Kinetic Concepts ("Kinetic") and KCI Therapeutic Services Incorporated ("KCI") for patent infringement. KCJ, a Kansas corporation, is located in Shawnee Mission, Kansas. Myra Carr, Richard Carr and Fran Silvers own all of the stock in KCJ. Carr and Silvers developed the idea for a mattress that would lessen the incidence of bed sores, and in December 1986, KCJ received U.S. Patent No. 4,631,767 on their invention, an "Air Floatation Mattress."

Kinetic is a Texas corporation with its principal place of business in San Antonio.

---

**2.** Many of these factors do not apply to the present case, which arises under federal law.

Kinetic owns KCI, which is a Texas corporation that markets and distributes KCI products. In November 1987, Carr spoke with KCI regarding the "Air Floatation Mattress" patent. Initially, KCI expressed interest in manufacturing the mattresses. In January 1988, however, KCI informed Carr that the "Air Floatation Mattress" did not fit into KCI's long range objectives. Plaintiff avers that notwithstanding defendants' stated position on the subject, by June 1989, they were producing and distributing an air floatation mattress in violation of KCJ's patent.

KCJ filed suit in the Western District of Missouri because of docket management policies and procedural rules that promote prompt and cost effective disposition of cases in that district. Pursuant to 28 U.S.C. § 1404(a), defendants sought transfer to the Western District of Texas. In determining appropriate venue, the District Court for the Western District of Missouri gave no deference to plaintiff's choice of forum because plaintiff is not a resident of Missouri. It initially granted defendants' motion to transfer, relying heavily on its determination that a Texas forum would be the most convenient for witnesses.

Dissatisfied with that ruling, plaintiff filed a motion for partial reconsideration, seeking transfer to the District of Kansas. The District Court for the Western District of Missouri, treating the motion as a cross-motion to transfer venue, sustained it and transferred the case to the District of Kansas. Defendants now renew their original motion, again seeking transfer to the Western District of Texas.

### Analysis

■ This case is atypical in that the District of Kansas is not plaintiff's original choice of forum. Defendants therefore argue that the Court should neither apply the doctrine of law of the case nor afford deference to KCJ's choice of forum, citing *Gall v. Home Box Office*, 1992 WL 230245 (S.D.N.Y.), and *Leiker v. Jarvis Products Corp.*, 1990 WL 112974 (D.Kan.).

Defendants contend that the Western District of Missouri relied upon the "unusual" case of *Lee v. Hunt*, 415 F.Supp. 245, 246 (M.D.La.1976), as authority for transferring this case to Kansas, and in doing so committed clear error. The court in *Lee* transferred the proceeding under 28 U.S.C. § 1406(a) to plaintiff's second choice of forum. Defendants state that while *Lee* is an unusual decision under 28 U.S.C. § 1406(a), it is even less suited as authority for transfer under 28 U.S.C. § 1404(a).

Defendants also argue that the district court committed error by evaluating plaintiff's motion for partial reconsideration as a cross-motion to transfer. The district court found that defendants' motion to transfer venue gave rise to "changed circumstances" which permitted plaintiff to lodge a motion for change of venue. *See Anadigics, Inc. v. Raytheon Co.*, 903 F.Supp. 615, 617 (S.D.N.Y. 1995). Defendants contend that the district court allowed plaintiff to successfully forum shop by not simultaneously ruling on the motion to transfer and the cross-motion to transfer.

Defendants finally contend that it is in the interest of justice to transfer the case to Texas. Defendants argue that the relevant factors, such as the location of witnesses, weigh in favor of transfer to Texas and that the district court transferred the case to Texas only after it gave great weight to plaintiff's choice of forum.

The argument that Judge Sachs should have afforded no deference to plaintiff's choice of forum centers on defendants' belief that deference encourages forum shopping and that deference therefore constitutes clear error. This argument finds some support in *Leiker*, 1990 WL 112974 at *2, where plaintiff filed suit in the District of Kansas then sought transfer to the District of Connecticut. The court in that case afforded no deference to plaintiff's second choice of venue and denied the motion. *See id.* The court was concerned that if it deferred to plaintiff's second choice of forum "a motion to transfer venue could become an unchecked tool for the plaintiff to shop among forums and between judges." *Id.* Similarly in *Gall*, 1992 WL 230245, the court denied plaintiff's motion to transfer venue, determining that "the deference ordinarily given plaintiff's choice of

forum would be inappropriate" because it was plaintiff who sought transfer. *Id.* at *6.

This case is distinguishable from both *Gall* and *Leiker*, and those cases do not convince the Court that plaintiff's second choice of forum should receive no weight in this case. In *Gall* and *Leiker*, plaintiffs tried to transfer cases from fora that they had initially selected. In this case plaintiff learned that it could not maintain suit in its chosen venue, and only then did it seek another suitable forum. A more important distinction is that the parties in *Leiker* and *Gall* were not asking the court to reconsider the law of the case, as defendants do in this case.

Defendants' concern that plaintiff has engaged in forum shopping may have merit, in that plaintiff brought this action in the Western District of Missouri in an attempt to save time and resources. Its motive in doing so appears benign, however, in light of the fact that the Supreme Court and the Tenth Circuit Court of Appeals have both condoned considerations of practical problems that make a trial easy, expeditious and economical. *See Texas Gulf Sulphur Co. v. Ritter,* 371 F.2d 145, 147 (10th Cir.1967)(citing *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1949)). By choosing the Western District of Missouri, plaintiff simply made a calculated decision regarding the practicalities of litigation. It does not appear that plaintiff chose Missouri or Kansas to "vex, harass, or oppress" defendants by inflicting upon them expense or trouble. *Gulf Oil Corp.,* 330 U.S. at 508, 67 S.Ct. 839.

Plaintiff's earlier preference for the Western District of Missouri should not undermine Judge Sachs' decision to transfer the case to the District of Kansas. This case involves patent law and the possibility of misinterpreting Missouri law is not present. Any advantage that plaintiff gains in a transfer to this district is not one of law, and this factor distinguishes plaintiff's action from the traditional notion of forum shopping. The Court does not believe that Judge Sachs committed clear error in affording great deference to plaintiff's choice of forum.

Defendants' argument that the district court erred in treating plaintiff's motion for a cross-motion for transfer, rather than a motion for reconsideration, is also unpersuasive. From the record it is evident that Judge Sachs thoughtfully considered the law and the relevant evidence. Whether to transfer venue was a question committed to his sound discretion and the Court sees no evidence that he abused it either procedurally or substantively.

In summary, defendants' argument that justice requires transfer to Texas must fail. Defendants rely on many of the same arguments that they addressed to Judge Sachs. The function of a motion to reconsider, however, is not to allow defendants to rehash arguments previously addressed and rejected, or to present legal theories that could have been raised earlier.[3] *See Barrett v. Fields,* 941 F.Supp. 980, 984–85 (D.Kan. 1996).

Defendants have not demonstrated that the Western District of Missouri committed clear error in transferring the case to this district instead of the Western District of Texas. The Court agrees with Judge Sachs that transfer to the Western District of Texas is not necessary in the interest of justice or for the convenience of the parties and witnesses. Transferring the case to Texas would only shift defendants' inconvenience to plaintiff. This case has now endured three rulings on appropriate venue, and it is time for the case to proceed on the merits.

**IT IS THEREFORE ORDERED** that defendants' *Motion To Transfer Venue* (Doc. # 47) filed March 25, 1998 be and hereby is overruled.

---

**3.** The standards for reconsideration are the same under District of Kansas Rule 7.3 and under Fed.R.Civ.P. 59(e). *See Steele v. Ellis,* 961 F.Supp. 1458, 1467 (D.Kan.1997).